WILLIAM MURRAY et al., Respondents, *v.* WALTER T. MILLER et al., Appellants.

1. WILL — INVALIDITY OF DEVISE TO TREASURER OF UNINCORPORATED RELIGIOUS BODY IN TRUST — CHAPTER 701, LAWS OF 1893, NOT RETRO-ACTIVE. A devise of the remainder and residue of his real and personal estate, after the death of his widow, made by a testator, who died in 1876, to the person who shall then be known and recognized by an unincorporated ecclesiastical body as its treasurer, in trust, to apply the same to the uses and for the benefit of such body, and if at that time there shall be no such treasurer, then to the person who at the last preceding meeting was the presiding officer of such body, upon the same trust, is invalid as a trust, because at the time the will took effect an unincorporated association was incompetent to take by devise and a trust for an indefinite or uncertain beneficiary was void; chapter 701 of the Laws of 1893, providing that devises otherwise valid shall no longer be deemed invalid by reason of indefiniteness or uncertainty of beneficiaries, has no application, not being retroactive in its operation. Such devise is also void because it either unlawfully suspends the power of alienation of real estate and the absolute ownership of personal property or, on the other hand, because it is a mere passive trust which fails for the reason that there is no *cestui que trust* competent to take.

2. DEVISE NOT VALID AS A POWER IN TRUST. The contention that such a testamentary provision is valid as a power in trust, upon the ground that at the death of the testator his real property descended to his heirs at law subject to the widow's life estate, and subject to be divested by the execution of the power, which was not to be executed until the death of the widow, and as this occurred in 1895, the beneficiary had then acquired capacity to take by virtue of the enabling act of 1893, is untenable. The attempted trust being unlawful at the time of the testator's death, the power in trust is equally so, and the beneficiary could take under neither. The rights of the heirs at law being then and there vested, they could not be divested by any law thereafter enacted.

*Murray* v. *Miller*, 85 App. Div. 414, affirmed.

(Argued April 6, 1904; decided April 26, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 23, 1903, in favor of the plaintiffs upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

James Fraser died on the 14th day of June, 1876, seized of the real property described in the record, and left a will dated the 3rd day of December, 1862, which was admitted to probate on the 11th day of January, 1877, the material parts of which, disposing of his residuary estate, are as follows:

" I give, devise and bequeath to my beloved wife, Jessie, all my estate, real and personal, of which I may die seized or possessed, or to which I may then be entitled, for the term of her natural life. I authorize her to invest and collect and reinvest any and all of the personal estate in such manner as she may deem proper, without responsibility to any one, and to use and enjoy the income thereof.

" I give the remainder of all my real estate and the residue of my personal estate, at her death, to the person who shall then be known and recognized by the unincorporated ecclesiastical body now calling itself and known by the style of ' The Synod of the Reformed Presbyterian Church in North America' as its treasurer, *in trust*, to apply the same to the uses and for the benefit of such ecclesiastical body; and if at the time of the death of my wife there shall be no person known and recognized as its treasurer, then to the person who was at the last preceding meeting of such ecclesiastical body known and recognized as its presiding officer, by whatever name he may have been known, upon the same trust."

Upon the death of the testator his widow, Jessie Fraser, entered into possession and enjoyment of the property, and so continued until her death on April 5th, 1895.

The widow, Jessie Fraser, also left a will dated in November, 1877, by which her entire estate was given to the " Trustees of the Synod of the Reformed Presbyterian Church of North America," a corporation formed under the laws of Pennsylvania.

Upon the death of Jessie Fraser the corporation above named went into possession of the property described in the record and collected the rents thereof until May 9th, 1899, when John T. Morton, as treasurer and trustee of the "Synod of the Reformed Presbyterian Church of North America," the unincorporated association named as beneficiary in the will of James Fraser, conveyed said premises to Walter T. Miller for the expressed consideration of $28,000, and took back a purchase-money mortgage for $26,000.

The unincorporated association above referred to was formed in 1809; the corporation above named was incorporated in 1871; both were in existence at the time of the death of James Fraser, as separate and distinct organizations, and both so continued down to the time of the submission of this controversy.

James Fraser left him surviving as his heirs at law a niece, Elizabeth Murray, who died in 1879 without issue, and whose only heir at law was Robert Murray, a nephew of James Fraser, who died in 1899, leaving the defendant Catharine Murray as his widow and the plaintiffs as his heirs at law.

The plaintiffs as heirs at law of their father, now deceased, are, therefore, the heirs at law of James Fraser and, as such, they claim title to the real estate described in the record, subject to their mother's dower, on the ground that the provisions of the will of James Fraser, purporting to create a trust or power in trust for the benefit of said unincorporated association, are void.

Upon an agreed statement of facts, the material parts of which are above recited, the controversy between the plaintiffs and the defendants was submitted to the Appellate Division where it was decided that the plaintiffs were entitled to recover the real estate referred to, with damages for its detention.

*Augustus C. Brown* for appellants. The will did not create a trust, but it created a valid power in trust, of which, when the time should come for its exercise, the treasurer or last presiding officer of the synod was to be the donee and

the unincorporated synod the beneficiary, and the purpose of the power was the application 'of the corpus of the residuary estate to the use of the beneficiary on the death of the widow. Meanwhile, and until the exercise of the power, the title vested in the heirs subject to the life estate of the widow and to the exercise of the power. (1 R. S. 729, §§ 58, 59; *Lougheed* v. *D. B. Church*, 129 N. Y. 214; *Steinhart* v. *Cunningham*, 130 N. Y. 292; *Henderson* v. *Henderson*, 113 N. Y. 1; *Steinway* v. *Steinway*, 163 N. Y. 183; *Smith* v. *Bowen*, 35 N. Y. 83; *Everett* v. *Everett*, 29 N. Y. 39; *Dana* v. *Murray*, 122 N. Y. 604; *Fargo* v. *Squiers*, 154 N. Y. 250; *Hope* v. *Brewer*, 136 N. Y. 126; *Deegan* v. *Wade*, 144 N. Y. 573.) The power in trust not having been illegal and void at its creation as violative of the perpetuity statute, or because of indefiniteness and uncertainty of beneficiaries, and the only valid objection to it at its inception being the impossibility of its execution at that time as the law then stood, by reason of such indefiniteness and uncertainty, and by the terms of the will such execution having been postponed until the death of the wife, which occurred in 1895, the effect of the statute of 1893 (L. 1893, ch. 701) was to remove the disabilities of indefiniteness and uncertainty of beneficiaries, and render the power capable of execution when the time came to execute it. (*Matter of Graves*, 171 N. Y. 44; *Allen* v. *Stevens*, 161 N. Y. 122; *Holmes* v. *Mead*, 52 N. Y. 332; *Lefevre* v. *Lefevre*, 59 N. Y. 434; *Matter of Baer*, 147 N. Y. 348; *Burrill* v. *Boardman*, 43 N. Y. 254.)

*Benjamin N. Cardozo* and *Moses Esberg* for respondent. The gift to Morton as trustee for the unincorporated body known as "The Synod of the Reformed Presbyterian Church in North America" is void, *first*, because the beneficiaries are indefinite; and *second*, because the attempted trust unlawfully suspends the power of alienation and the absolute ownership. (*Tilden* v. *Green*, 130 N. Y. 29; *Prichard* v. *Thompson*, 95 N. Y. 76; *Holland* v. *Alcock*, 108 N. Y. 312; *Read* v. *Williams*, 125 N. Y. 560; *White* v. *Howard*, 46

N. Y. 144; *Fairchild* v. *Edson*, 154 N. Y. 199; *Kain* v. *Gibboney*, 101 U. S. 362; *G. L. Assn.* v. *Schollen*, 10 Minn. 331; *Owens* v. *M. Society*, 14 N. Y. 380; *Downing* v. *Marshall*, 23 N. Y. 366.) If the gift to a trustee to apply the property to the uses of the synod was not intended as a continuing endowment, of which the usufruct only was to be expended, then it was a passive trust, and was equivalent to a direct gift of the remainder to the unincorporated synod. (*Hutchins* v. *Van Vechten*, 140 N. Y. 115; *Woerz* v. *Rademacher*, 120 N. Y. 62; *Matter of Gawne*, 82 App. Div. 374, 377; affd., 176 N. Y. 597; *Rawson* v. *Lampman*, 5 N. Y. 456; *Fisher* v. *Hall*, 41 N. Y. 416; *Matter of Tatum*, 169 N. Y. 54.) The act of 1893 (L. 1893, ch. 701), which legalized charitable trusts for indefinite beneficiaries, is not retroactive. (*People* v. *Powers*, 147 N. Y. 104; *Butler* v. *Trustees*, 92 Hun, 96; *Dammert* v. *Osborn*, 140 N. Y. 43; *Matter of Pell*, 171 N. Y. 48; *Brevoort* v. *Grace*, 53 N. Y. 245; *Matter of Vanderbilt*, 172 N. Y. 73; *Losey* v. *Stanley*, 147 N. Y. 572.)

WERNER, J. As disclosed by the foregoing statement of facts, this controversy arises over the title to certain real property in the city of New York, of which James Fraser died seized, and which he attempted to dispose of by his will. The respondents, consisting of the plaintiffs and their mother, the defendant Catharine Murray, assert the invalidity of this testamentary disposition and, as heirs at law and dowress respectively, claim title and possession to the lands in question. The appellants, with the exception of the corporation above named, are variously interested as trustee, beneficiary, purchaser and tenants, respectively, and they rely upon the will as creating a valid power in trust under which they defend their claims. The defendant corporation, known as the "Trustees of the Synod of the Reformed Presbyterian Church of North America," has no legal interest in this controversy, it being conceded by appellants' counsel that it is not the beneficiary named in the will of James Fraser, and that its

interference with the real property mentioned was not only ill-advised but wholly unauthorized. With this brief explanatory statement of the nature of the controversy, and the relation thereto of the several parties, we come to the consideration of the above-quoted testamentary provision upon the construction of which this issue depends.

That the testator, James Fraser, intended to create an express trust for the benefit of the unincorporated association known as " The Synod of the Reformed Presbyterian Church of North America," and that he failed in the attempt, is clear to a demonstration; indeed, the appellants now concede that this testamentary disposition is invalid as a trust, but they contend that it is valid as a power in trust. In the light of this concession we need refer to the attempted trust only for the purpose of disclosing the effect of its invalidity upon the alleged power in trust. The will was executed in 1862, the testator died in 1876, and probate was effected in 1877. The beneficiary of the attempted trust was then, and has ever since been, an unincorporated association, whose constituent membership was transitory and fluctuating. As the law of this state then stood, an unincorporated association was incompetent to take by devise (*Owen* v. *Miss. Soc. M. E. Church,* 14 N. Y. 380; *White* v. *Howard,* 46 N. Y. 160; *People* v. *Powers,* 147 N. Y. 104; *Fairchild* v. *Edson,* 154 N. Y. 205), and a trust for an indefinite or uncertain beneficiary was void. (*Levy* v. *Levy,* 33 N. Y. 107; *Bascom* v. *Albertson,* 34 N. Y. 584; *Prichard* v. *Thompson,* 95 N. Y. 76; *Holland* v. *Alcock,* 108 N. Y. 312; *Read* v. *Williams,* 125 N. Y. 560; *Tilden* v. *Green,* 130 N. Y. 29.) The law in this respect was changed in 1893, to the extent of providing that devises, etc., otherwise valid, should no longer be deemed invalid by reason of indefiniteness or uncertainty of beneficiaries (L. 1893, ch. 701); but that does not help the appellants at bar, even though the trust estate here sought to be created be held to be future and expectant, since it is legally deemed to have come into being, if at all, at the death of the testator (Sec. 54, Real Prop. L.) and as the statute of 1893 is not retro-

21

active in its operation (*People* v. *Powers, supra*), the trust falls under the condemnation of the law in existence at the time of its attempted creation.

The gift is also void as a trust because it either unlawfully su. pends the power of alienation of real estate and the absolute ownership of personal property, or, on the other hand, because it is a mere passive trust which fails for the reason that there is no *cestui que trust* competent to take. The devise is to the treasurer of the unincorporated association, "in trust, to apply the same to the uses and for the benefit of such ecclesiastical body." If this provision is to be construed as a direction to apply rents and income, or even *corpus* and principal, from time to time according to the needs of the "ecclesiastical body," it offends the law against perpetuities, because the application of only interest and income necessarily involves a never-ending trust; if *corpus* or principal is also to be applied "to the uses and for the benefit of such ecclesiastical body," such uses may never require the total consumption of *corpus* or principal, or at least may not consume the same within the statutory period, and, therefore, the result will be the same. The time for which the alienation of real property and the absolute ownership of personal property may be suspended can no more be extended by a trust than by the limitation of a strictly legal estate. (*Levy* v. *Levy, supra; Adams* v. *Perry*, 43 N. Y. 487; *Cottman* v. *Grace*, 112 N. Y. 299; *Cruikshank* v. *Home for Friendless*, 113 N. Y. 337.)

When we turn from this aspect of the testamentary disposition to the only other view in which it can be regarded as a trust, namely, as a trust to take and apply the whole *corpus* of the estate to the use of the beneficiary, immediately upon the death of the life tenant, then we have a trust for a purpose not authorized by statute, and it becomes, *eo instanti*, a passive trust, under which title ordinarily vests directly in the beneficiary (Real Prop. L. sec. 73), but in the case at bar vested in the testator's heirs at law, because, as above stated, the beneficiary was not competent to take.

This brings us to the contention of the appellants that even though the testamentary provision is invalid as a trust, it is, nevertheless, valid as a power in trust. It is said that upon the death of the testator, his real property descended to his heirs at law subject to the widow's life estate, and subject to be divested by the execution of the power; and, as this power was not to be executed until the death of the widow, which occurred in 1895, the beneficiary had then acquired capacity to take by virtue of the enabling statute of 1893.

A power is defined to be "an authority to do an act in relation to real property * * * which the owner, granting * * * the power, might himself lawfully perform." (Real Prop. L. sec. 111.) The statutes classify powers as general and special, beneficial and in trust. A special power is declared to be in trust where a person or class of persons, other than the grantee, is designated as entitled to any benefit, from the disposition or charge authorized by the power. (Real Prop. L. sec. 118.)

A valid power arises by operation of law, where an express trust is attempted to be created for a purpose which is lawful but is not authorized by our statutes. In such a case the trust fails, but if it directs or authorizes the performance of any act which may be lawfully performed under a power, it is valid as a power in trust. (Real Prop. L. sec. 79.)

The difficulty with the power in trust asserted by the appellants is that it is not for a lawful purpose, but is as unlawful, as the trust itself and must fail for the same reasons. When the testator died it was, as we have seen, impossible to create a valid trust in perpetuity, or for an uncertain and indefinite beneficiary for any purpose. These legal limitations which then hedged about the creation of trust estates, quite as effectually prohibited the power to give as the capacity to take. If the attempted trust was unlawful because it contravened the statute of perpetuities, the asserted power in trust is equally so, because the act sought to be performed under the power is the very act forbidden by the statute. (*Garvey* v. *McDevitt*, 72 N. Y. 556; *Dana* v. *Murray*, 122 N. Y. 604.)

Were the sole objection to the trust that its purpose, although lawful in itself, is not one for which the law authorizes an express trust, then it could be held good as a power in trust; but as neither trust nor power can be executed without violating the law as it existed at the time of the testator's death, there can no more be a valid power than there could be a valid trust. (Chaplin on Trusts & Powers, p. 441.) Counsel for the appellants argues that the question is primarily and only one of capacity in the beneficiary to take the gift, and that when this testamentary provision is considered as a power instead of a trust, its validity depends upon the law in force at the time of its execution rather than at the time of its creation; and from this premise he goes on to the conclusion that the statute of 1893 had made it possible for the beneficiary to take in 1895 what it was incapable of taking in 1877.

The difficulty with this contention is that it ignores (1) that provision of the Revised Statutes (1 R. S. p. 737) which declares that "No estate or interest can be given or limited to any person, by an instrument in execution of a power, which such person would not have been capable of taking, under the instrument by which the power was granted," and (2) the vested constitutional property rights of the heirs at law, which could not be affected by a subsequently enacted statute. In other words, as the beneficiary could not take under the trust attempted to be raised by the will, so it could not take under an alleged power in execution of the trust; and, as both trust and power were absolutely void in their inception, the rights of the heirs at law then and there became vested, and could not be divested by any law thereafter enacted. This view of the case renders it superfluous to discuss the questions whether, without regard to the statute which saves as a power that which fails as a trust, a power may be implied from the language of the will; or whether the remainder limited upon the life estate was future and contingent or immediate and vested, subject to the life estate; for, in either event, the result would be the same so far as the respondents are concerned. There being no valid trust or

power in trust, the rights of the latter became vested upon the death of the testator, subject to the widow's life estate.

For the same reasons we refrain from discussing the cases cited by appellants' counsel, in which, under testamentary gifts to person of a designated class, questions have arisen as to the rights of those born into the class after the death of the testator; or the cases in which absolute gifts in remainder or in trust have been made for the benefit of charitable institutions in case they should acquire corporate existence and capacity after the death of the testator, either within a specified time or before the expiration of a supervening life estate. None of these cases are applicable to the facts before us.

The judgment of the Appellate Division should be affirmed, with costs.

Parker, Ch. J., O'Brien, Bartlett, Haight, Vann and Cullen, JJ., concur.

Judgment affirmed.