It follows that the judgment and order appealed from should be affirmed, with costs.   All concur, except WILLIAMS, J., who dissents upon the ground that the verdict is excessive.

---

### In re POWELL'S WILL.

(Supreme Court, Appellate Division, Second Department.   March 11, 1910.)

1. WILLS (§ 215*)—ADMISSION TO PROBATE—QUESTIONS TO BE DETERMINED.
   Though Code Civ. Proc. § 2624, provides that "if a party expressly puts in issue before the surrogate the validity, construction or effect of any disposition of personal property in the will of a resident of the state executed within the state, the surrogate must determine the question on rendering a decree," the objection that a religious society to whom property is bequeathed is not a body corporate, capable of taking under the will, need not be passed on by the surrogate at the time of admitting the will to probate, but the same may in his discretion be reserved for determination on the distribution of the estate.
   [Ed. Note.—For other cases, see Wills, Dec. Dig. § 215.*]

2. COURTS (§ 202*)—SURROGATE COURT—ADMISSION OF WILL TO PROBATE—APPEAL—JURISDICTION.
   Under Code Civ. Proc. § 2570, providing for an appeal to the Appellate Division of the Supreme Court from an order of a surrogate only when it affects a substantial right, such an appeal lies from the order made in the exercise of a legal discretion if it results in a violation of justice.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 202.*]

3. CHARITIES (§ 18*)—CHARITABLE BEQUESTS—VALIDITY.
   If a bequest of an estate in remainder to trustees, the income to be applied to the payment of the salary of a minister of a designated church, be deemed a bequest for a religious or charitable use, from the mere fact that at the death of testator the church designated is not incorporated, and has no trustees capable of accepting and executing the trust, the trust does not fail, but, under Laws 1893, c. 701, will vest in the Supreme Court.
   [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 18, 42, 73; Dec. Dig. § 18.*]

Appeal from Surrogate's Court, Nassau County.

Proceedings for the probate of the will of Elbert Powell, deceased. Appeal from the order admitting the will to probate.   Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, WOODWARD, BURR, and THOMAS, JJ.

Henry L. Maxson, for appellants.
Charles S. Taber, for respondents.

BURR, J.   The last will and testament of Elbert Powell was admitted to probate by the Surrogate's Court of Nassau county on the 15th day of September, 1909.   After directing the payment of his just debts and funeral expenses, that his name and age be inscribed on the monument in Bethpage Cemetery, and that a suitable marker be procured and erected at his grave, he gives all the rest, residue, and remainder of his estate, real and personal, to his executors, in trust, "to convert all of my estate real and personal into cash, and deposit

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same in several substantial savings banks, and to pay the net income received therefrom unto my niece Margaret E. Bumstead for and during the term of her natural life, semi-annually as received by them, but in no event shall she have any part of the principal sum, nor shall she have any power of disposition of said principal." The will further provides, fourth, "After the death of said Margaret E. Bumstead, I give, devise and bequeath unto my nephew George F. Powell * * * the sum of five hundred ($500.00) dollars." Fifth. "Then also I give, devise and bequeath unto my nephew John Oliver Powell * * * the sum of five hundred ($500.00) dollars." By the sixth, seventh, eighth, ninth, tenth, and eleventh clauses of his will testator gives to other nephews and nieces and to a grand-nephew the sum of $500 each. The words of disposition in the sixth to eleventh clauses, inclusive, are identical with those in the fifth clause above quoted. The language of the twelfth clause of the will is as follows:

"After the payment of the above legacies, I give, devise and bequeath one half of all the rest, residue and remainder of my said estate unto the trustees of the Plain Edge Methodist Episcopal Church, * * * which I direct shall be deposited and kept in some safe savings bank or banks, and the income, interest or dividends which may be earned thereon shall be used to pay the salary of the minister, who shall preach the gospel in said church, from year to year forever, so long as it shall be used as a Methodist Episcopal Church, but no part of said money shall be used to repair or rebuild said church building or for any purpose except as above. The other one half of the residue of my said estate I give, devise and bequeath unto the trustees of the Farmingdale Methodist Episcopal Church, * * * which I direct shall be deposited and kept in some safe savings bank or banks and the income, interest or dividends which may be earned thereon shall be used to pay the salary of the minister who shall preach the Gospel in said Farmingdale Methodist Episcopal Church, but said income or principal shall not be used for any other purpose, neither building or repairing said church."

Six of the legatees and next of kin of the testator answered the petition for probate and in their answer averred:

"That the trustees of the Plain Edge Methodist Episcopal Church and the trustees of the Farmingdale Methodist Episcopal Church, mentioned in the twelfth paragraph of said alleged will, are not bodies corporate, and that neither of such body of trustees is authorized by law to accept the bequests made in said paragraph. That the devises and bequests mentioned in and made by the twelfth paragraph of said alleged will are invalid and illegal. Said legatees first above named hereby give notice to the devisees and legatees mentioned in said paragraph twelfth that the construction and validity of said devises and bequests contained in said paragraph will be put in issue in this proceeding."

The trustees of the Plain Edge Methodist Episcopal* Church and the trustees of the Farmingdale Methodist Episcopal Church appeared by their attorneys upon the hearing. It was admitted and the surrogate has found that at the date of testator's death the Farmingdale Methodist Episcopal Church was a religious corporation and entitled to take and hold real or personal property, and that the Plain Edge Methodist Episcopal Church was not at that date a body corporate. The learned surrogate held:

"That a judicial construction of the legality and effect of the bequests to the Farmingdale Methodist Episcopal Church and to the Plain Edge Method-

1st Episcopal Church contained in paragraph 12 of said will is neither nec-
essary nor appropriate at this time."

He therefore refused to make any decision respecting the same. The
statute relating to the construction of wills in proceedings for the pro-
bate thereof is as follows:

"But if a party expressly puts in issue, before the surrogate, the validity,
construction, or effect of any disposition of personal property, contained in
the will of a resident of the state, executed within the state, the surrogate
must determine the question, upon rendering a decree." Code Civ. Proc. §
2624.

Testator was a resident of this state, and his will was executed with-
in the state. Notwithstanding the mandatory language of this sec-
tion, it has been held that the surrogate may in his discretion properly
reserve or postpone the consideration of such questions until they
actually arise and their determination becomes necessary to a proper
disposition of the estate. In re Mount, 185 N. Y. 162, 77 N. E. 999;
Jones v. Hamersley, 4 Dem. Sur. 427. An appeal lies to this court
from an order of the Surrogate's Court only when it affects a sub-
stantial right. Code Civ. Proc. § 2570. But, even when the determina-
tion of a surrogate is by statute expressly made to rest in discretion,
there is a distinction between the exercise of a legal and a purely ar-
bitrary discretion. When it is of the latter character, resulting in a
violation of justice, it may become the invasion of a substantial right,
and this court may in such case review his action, but not otherwise.
In re Adler, 60 Hun, 481, 15 N. Y. Supp. 227; In re Eisner, 6 App.
Div. 563, 39 N. Y. Supp. 718; In re Selleck, 111 N. Y. 284, 19 N. E.
66. In view of the finding as to the value of the decedent's estate and
the absence of any finding or evidence as to the amount of the debts,
the suggestion that there may be no estate in remainder to pass under
the twelfth clause of the will is too fanciful to merit consideration.
If the gift to the trustees of the Plain Edge Methodist Episcopal
Church was a gift absolute in character, and for other than religious,
educational, charitable, or benevolent uses, it might forcibly be argued
that such gift vested in interest at the death of the testator, although
the possession and enjoyment of it were deferred until the termina-
tion of the trust estate for the benefit of Margaret E. Bumstead
(Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890; In re Seaman, 147
N. Y. 69, 41 N. E. 401; Nelson v. Russell, 135 N. Y. 137, 31 N. E.
1008; Trowbridge v. Coss, 126 App. Div. 679, 110 N. Y. Supp. 1108;
In re Watts, 68 App. Div. 357, 74 N. Y. Supp. 75); and, that being a
gift to an unincorporated association, it would fail (Murray v. Miller,
178 N. Y. 316, 70 N. E. 870; Fairchild v. Edson, 154 N. Y. 199, 48
N. E. 541, 61 Am. St. Rep. 609). But it seems to us to be a question
at least admitting of debate whether the gift of a fund the principal
of which is to be invested and the income applied to the payment of
the salary of the minister of a designated church may not be equiva-
lent to the creation of a trust for a religious and charitable use within
the meaning of the act to regulate gifts for charitable purposes.
Laws 1893, c. 701; Allen v. Stevens, 161 N. Y. 122, 55 N. E. 568;
Bowman v. Domestic & Foreign Missionary Society, 182 N. Y. 494,
75 N. E. 535. If such be the case, the mere fact that at the date of

testator's death there were strictly speaking no trustees of the Plain Edge Methodist Episcopal Church and consequently no person named or definitely described who should execute such trust, it would not therefore fail, but would vest in the Supreme Court. Laws 1893, c. 701, § 1. Before the termination of the estate for the life of Margaret E. Bumstead the said church may become incorporated, when it will of necessity have a board of trustees, and the right to perform such trust duties may then belong to them. At least, they should be given an opportunity to assert their claim, and, as no immediate prejudice to any one will result from postponing the consideration of such questions, we cannot say that the surrogate abused the discretion conferred upon him in declining to construe this clause of the will at the present time.

So much of the order or decree of the Surrogate's Court of Nassau county as is appealed from should be affirmed with costs. All concur.