## In re TOWNLEY'S WILL.

(Surrogate's Court, Tompkins County. August 30, 1913.)

1. WILLS (§ 309*)—RIGHT TO PROBATE.

Where the due execution of a will by a competent testatrix, uninfluenced and under no restraint, is established to the surrogate's satisfaction, the will must be admitted to probate and letters issued to the executrices therein named, on their taking the oath of office.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 735–737; Dec. Dig. § 309.*]

2. EVIDENCE (§ 61*)—PRESUMPTION—TEMPERANCE.

On the issue of a devisee's habits at the time of his mother's death, where there was no evidence of his intemperate habits, the presumption was that he was temperate and of good habits.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 82; Dec. Dig. § 61.*]

3. WILLS (§ 215*)—CONSTRUCTION—DISCRETION.

Under the express provision of Code Civ. Proc. § 2624, empowering the surrogate to construe a will, he has discretion upon admitting it to probate to postpone further construction where, by reason of contingencies, death of parties, etc., his construction might not be final.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 522; Dec. Dig. § 215.*]

4. WILLS (§ 215*)—PROBATE—ADMISSIBILITY OF EVIDENCE.

Upon the probate of a will, giving a son a life interest in the property provided he was not intemperate at testatrix's death, evidence as to whether he had complied with such conditions so as to benefit thereunder was admissible.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 522, 523; Dec. Dig. § 215.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Proceeding for the probate of the will of Josephine Townley, deceased, and construction of the same, contested by Garfield Townley. Will admitted to probate and provision construed.

E. H. Bostwick, of Ithaca, for proponent.

Cobb, Cobb, McAllister & Feinberg, of Ithaca, for contestant.

SWEETLAND, S. An answer was interposed to the petition for the probate of the will of the testatrix by her son, Garfield Townley, which answer put in issue the execution of the will, the capacity of the testatrix, alleged undue influence, and asked, in case the will be admitted to probate, that the surrogate construe the provisions of said will.

[1] The due execution of the will by a competent testatrix, uninfluenced and not under restraint, was established to the satisfaction of the surrogate. It follows that the will must be admitted to probate, and letters issued to the executrices therein named on their taking the oath of office.

Section 2624 of the Code of Civil Procedure is the authority for the demand of the contestant for the construction of the will by the surrogate at this time.

The will under consideration is very involved and difficult to understand. It provides for many possibilities, some of which are not likely to occur, and all of which can never be presented in any actual, practical litigation to the court. This will illustrates anew the mischief of the hurtful and expensive attempts of testators, unfamiliar with testamentary law, to economize by drawing their own wills. It is difficult to understand how persons of good business capacity and experience, with abundant means, and residing accessible to competent legal talent, will attempt to prepare their own wills, regardless of the difficulties they undertake and the responsibilities they thereby assume. Such persons, failing to recognize the importance of the undertaking, many times inflict upon the courts difficult questions and subject their estates to troublesome and expensive litigation. A testator, by executing a will, assumes to have more property than necessary for his wants, and is presumably so circumstanced as to be able to pay some competent person for drawing and superintending the execution of a will that will legally vest his property where desired and designated by the testator. In this case, an estate of $10,000 in value is balanced on the uncertain wording of the will of this woman, who did not understand nor recognize the difficult and responsible nature of drafting a will.

[2] It is evident to me that the testatrix intended to give to her son, by her will, the use during his life of the bulk of her property, providing he owned the farm his father devised to him without incumbrance at the time of her death, and complied with certain other requirements of the will. And it seems a fair reading and construction of the words of the will indicate that intent. The contestant established by proof that he had not violated the requirements of his mother's will, and, there being no evidence of his being intemperate in habits, the presumption is that he is a temperate man and of good habits, and

was so at the time of his mother's death. I feel that the contestant has met the conditions prescribed by his mother's will, and is entitled under the will and facts to the life use of the property in question.

There are various contingencies mentioned in the will affecting the final disposition of the estate, all of which cannot occur, and some may not occur at all. It appears idle and unprofitable for the court to speculate on something which may never become a practical question, and seems best to exercise the discretion conferred by law and postpone the further consideration of the testamentary disposition of the estate of said decedent until the happening of some event actually suggests the necessity of further construction. Events may occur making a further construction necessary, in which case the courts are always open. New parties may become interested in this estate by birth of other children. The death of parties mentioned in the will may eliminate legatees. These and other questions may subsequently arise, which would be complicated by an attempt to construe all the provisions of the will at this time; such construction might affect the rights of parties not now represented or in being.

[3] The reason for exercising the discretion in postponing further construction of this will has been indicated above, and authority for it is very clearly stated in Matter of Mount, 185 N. Y. 162, 77 N. E. 999, and Matter of Powell, 136 App. Div. 833, 834, 121 N. Y. Supp. 779; Matter of Hoffman, 301 N. Y. 254, 94 N. E. 990; Matter of Monypenny, 202 N. Y. 103, 104, 95 N. E. 1; Matter of Swartz, 79 Misc. Rep. 395, 139 N. Y. Supp. 1105.

[4] The Swartz Case is also an authority for the admission of evidence showing whether Garfield Townley had or had not complied with the requirements of his mother's will so as to benefit thereunder.

Section 2624 of the Code of Civil Procedure has been amended since the decision in the Mount Case, but the amendment does not affect the authority for the exercise of the discretion by the Surrogate herein.

Findings and a decree may be prepared, admitting the will to probate, construing its provisions as herein indicated. The contestant has been partly successful on the matter of construction, so costs may be awarded to each party out of the estate.