Samuel Faile, S.
In this independent proceeding for a construction involving the intended disposition of certain real property which has become unproductive, the executors also request that the court authorize and approve a proposed sale of such real property and determine the intended disposition of the proceeds of sale.
By paragraph Sixth of the will, dated July 15, 1948, the testator, who died on March 13, 1951, devised to named trustees his residence, together with the furnishings therein, and directed that his sister should have the ‘ ‘ use, possession and occupancy of my said house and furnishings therein, during the term of her natural life ”.
At her death the trustees were directed to convey the house and furnishings to the Young Men’s Christian Association of Yonkers, Mew York, absolutely and forever, with the proviso that the association use and maintain the residence as a home for the holder of the position of general secretary of such association and that such secretary during his residence be required to pay only the taxes levied against said property together with the ordinary maintenance costs of said premises, in order to provide him with reasonable living accommodations and security while employed by the association. The testator further authorized the trustees to use the sum of $1,000 in order to make such repairs as they might deem necessary for its preservation and use while occupied by testator’s sister, and directed that any unused balance of said sum be paid to the Young Men’s Christian Assocation of Yonkers.
The decedent was survived by his sister, who, after his death, removed from the residence. The premises are now vacant, unproductive and in need of extensive repairs and the entire sum of $1,000 has already been expended for repairs. The executors have no funds with which to defray the expense of *1067 any repairs and have executed a contract for the sale of said premises, subject to the approval of the court, in which the sister of decedent has also joined as a seller.
In the absence of any express or implied direction for the receipt and payment of income by the trustees, no valid trust was created by the provisions of paragraph Sixth of the will (see Beal Property Law, § 96; Murray v. Miller, 178 N. Y. 316) and a dry or passive trust results under section 93 of the Beal Property Law, with the persons entitled to the possession of such real property and to the receipt of the rents and profits entitled to a legal estate of the same quality and duration and subject to the same conditions as the beneficial interest under section 92 of the Beal Property Law. (Matter of Holzwasser, 177 Misc. 868.)
It is a rule of construction that where a reading of the will discloses a general charitable intention, the court wherever possible will effectuate such intention by the most liberal rules of construction which the law will allow. (Matter of Durbrow, 245 N. Y. 469.) And where there has been such a change of circumstances since the execution of the will that the particular charitable intention of testator must fail, the court may, nevertheless, sustain the dominant charitable intention under the doctrine of cy pres. (Beal Property Law, § 113, subd. 2; Matter of Neher, 279 N. Y. 370.) The court determines that it was the primary intention of the testator to benefit the Young Men’s Christian Association of Yonkers. The particular means of accomplishing the general charitable purpose, namely to provide a residence, in perpetuity, for the person holding the office of general secretary of the association has failed in that the premises are no longer habitable and are rapidly deteriorating in value.
In order to effectuate the general dominant charitable intention to benefit the Young Men’s Christian Association of Yonkers, the court determines that legal title to such premises vested at the death of testator in the Young Men’s Christian Association of Yonkers, subject to the estate or interest conferred upon the sister of testator. It appearing that the premises are unproductive and rapidly deteriorating, the court directs that such premises be sold and approves the proposed contract of sale. Subdivision 4 of section 113 of the Beal Property Law authorizes a sale of such premises where such premises have become or are likely to become unproductive or have depreciated or are likely to depreciate in value, on application made by the person or corporation holding legal title to such premises. The general charitable intention may be pre *1068 served and effectuated by a determination that the proceeds of sale be held as an endowment fund by such association subject to the interest therein conferred upon the sister of decedent.
The will is construed as conferring upon the sister of testator a life estate in the premises, which upon the sale will attach to the proceeds of sale. Unless an undertaking is filed by the life tenant in the amount to be received upon the sale of said premises, the executors will be empowered to hold the fund, without the bond which otherwise would be required under section 169-a of the Surrogate’s Court Act, until the death of the life tenant, at which time the fund shall be paid to the association to be held by it as an endowment fund. (Matter of Brittain, 48 N. Y. S. 2d 931.)
Settle decree accordingly.