Maximilian Moss, S.
In this accounting proceeding petitioner, testatrix’ son, requests that the will be construed to determine the disposition and effect of certain bequests and provisions of the will and for other relief. Testatrix’ daughter has filed objection to the account containing three items referred to below. The instrument was prepared by a notary public in California and executed there on March 17, 1952. Testatrix died a resident of Kings County on January 16, 1955. The will was duly admitted to probate and letters testamentary issued to petitioner. The will is inartistic in form and in part indefinite and ambiguous particularly in respect of the provisions dealing with the charitable bequests and expressed religious *650 desires of testatrix. It is the court’s duty to ascertain the intention of testatrix and effectuate her actual purposes so far as is consonant with the principles of law and public policy (Matter of Sliter, 286 N. Y. 117; Matter of Hayes, 263 N. Y. 219; Williams v. Jones, 166 N. Y. 522; Matter of Fabbri, 2 N Y 2d 236). In doing so under the circumstances herein and in order to sustain the dominant charitable intention disclosed in the will the court will apply the most liberal rules of construction and the ey pres doctrine where appropriate (Matter of Durbrow, 245 N. Y. 469; Matter-of Lawless, 194 Misc. 844, affd. 277 App. Div. 1045, motion for leave to appeal denied 302 N. Y. 949; Matter of Haskett, 4 Misc 2d 1065; Matter of Stern, 159 N. Y. S. 2d 308; Matter of Duke, 181 Misc. 529 and cases cited). Accordingly the court determines as follows:
The bequest of $1,000 to be divided equally among “ Bed Cross, Community Chest, Hebrew Home for Crippled Children and Salvation Army”, as set forth in the first paragraph of article 6 ‘ Second ’ ’ of the will, is payable in the amount of $250 each to the American Bed Cross; Welfare Federation of Los Angeles Area, as the parent organization of “ Community Chest”; Federation of Jewish Welfare Organizations of Los Angeles as the parent organization of “ Hebrew Home for Crippled Children ”; and the Salvation Army, at their respective chapters or addresses in Los Angeles, California, where testatrix resided when she executed her will.
The bequest of $500 to “ Hebrew Asylum for Orphan Children ” shall be paid to Jewish Child Care Association of New York, as successor to the Hebrew Orphan Asylum of the City of New York, which it is alleged cared for two of testatrix’ grandchildren in their early childhood.
The bequest to “ Bed Cross at Miami Beach, Florida,” shall be paid to the American Bed Cross, Miami chapter.
The bequest to the “Hebrew Synagogue at Washington Avenue and Third Street, Miami Beach, Florida,” shall be paid to Congregation Beth Jacob located at that address. The bequest to the “ Synagogue at the corner of Ocean Front and Paloma Avenue, Venice, California,” shall be paid to Congregation Beth Yehuda located at that address.
Article “ Second ” of the will provides a bequest of $250 to the “ School conducted by the Synagogue at Number 133 Eld-ridge Street in the City of New York, New York, for instruction and teaching of Hebrew ”, and a bequest of $200 to the “Ladies Society in connection with said Synagogue for the relief and assistance of the poor”. It appears that testatrix and her husband were at one time members of Sephardic Jewish *651 Center, Inc., a religious corporation which maintained a synagogue and Hebrew school at the same premises and had an affiliated ladies auxiliary. The corporation merged in 1947, pursuant to a special act of the Legislature, with Sephardic Brotherhood of America, Inc., under the new name of Sephardic Jewish Brotherhood of America, Inc. The merged religious corporation maintains its principal synagogue and conducts its general activities in its building at 116 East 169th Street, Bronx County, and has also continued the synagogue at the Eldridge Street address as a branch. It appears further that a Hebrew school known as Sephardic Jewish Center of the Bronx and located in premises adjoining those of the merged organization at the Bronx location mainly serves members of the Sephardic Jewish community in the area. Every member of the brotherhood is entitled to the full use of all the facilities of the center including its Hebrew school. The circumstances present a proper case for application of the cy pres doctrine. The testamentary purposes will be served best by having the $250 bequest paid to the Sephardic Jewish Center of the Bronx, Inc., for use of its Hebrew school, and the $200 bequest paid to the merged parent organization, the Sephardic Jewish Brotherhood of America, Inc., to be used by its Ladies’ Auxiliary for the relief and assistance of the poor in their community. This determination disposes of and overrules item 2 of the objections which seeks to have the bequests considered as lapsed and part of the residuary.
Item 3 of the objections relates to that part of article “ Second ’ ’ of the will which relates to Louise Chiprout, a granddaughter of testatrix. Louise is now 12 years old. Both petitioner, her father, and objectant, her aunt, attack the validity of the gift contained in said article as allegedly entailing an unlawful suspension of the absolute ownership of property beyond two lives in being at the death of testatrix and an illegal restraint upon the power of alienation (Personal Property Law, § 11; Beal Property Law, § 42; Matter of Wilcox, 194 N. Y. 288; Farmer’s Loan d Trust Co. v. Kip, 192 N. Y. 266). The court holds that under the provisions of article “ Second ” of the will Louise is given a life estate in the 30 shares of stock of the American Telephone and Telegraph Company. There is no suspension during a second measuring life and the will provides for disposition of the remainder on the death of Louise. The question of the person or persons entitled to distribution of the remainder on the termination of the preceding estate is presently academic and is not passed upon.
*652 As to the objectant’s suggestion that the interests of the ultimate beneficiaries be protected, presumably by a bond to be given by the life tenant (Surrogate’s Ct. Act, § 169-a), the request is denied in the court’s discretion (Getman v. McMahon, 30 Hun 531; Matter of Merritt, 182 Misc. 1026; Matter of Sachs, 47 N. Y. S. 2d 674; but, see 6 Jessup Redfield on Surrogates’ Law and Practice, § 5461; Matter of Veal, 132 N. Y. S. 2d 418). Item 3 of the objections is overruled.
Article “ Third ” of the will disposes of the residuary estate outright and equally between testatrix’ daughter and granddaughter above mentioned. Article ‘1 Fourth ’ ’ contains specific directions as to her funeral and burial, and mourning, memorial and other religious practices to be observed by her daughter and son. The latter is named in article “ Fifth ” as executor to serve without bond and without compensation but to be reimbursed for “ expenses in and incidental to the performance of his work in this connection.” Among the provisions in article “ Fourth” is a direction that the executor shall cause to be said in memory of testatrix and her late husband ‘ ‘ with our names inscribed therewith * * * the prayers of the Serfer-torah in the synagogue at 133 Eldridge Street in the City of New York, New York, and that he shall pay for said Serfertorah and (sic) sum of Five Hundred ($500.00) Dollars with funds from my estate.” The court construes this provision in accordance with the executor’s request and determines that he may expend the sum of $500 for the purchase of a “ Sefer Torah ” or Holy Scroll, inscribed with the names of his pareiits, and the presentation thereof to the synagogue which he regularly attends and where as he states the memorial prayers for his parents are said. In another provision in article ‘ ‘ Fourth ’ ’ the executor is directed to pay to himself the sum of $500 for mourning clothes and attendance and offering of memorial prayers at synagogue services. His request for authority to make such payment is not objected to and is granted.
There remains for determination the remaining objection to the account, designated item 1, to the “ deletion from Schedule ‘ A ’ of the account as originally rendered by the Executor of the following item: ‘ Pioneer Savings & Loan Ass’n., Santa Monica, California, Account #51679 $10,353.06.’ ” In an affidavit supplementing the account, the executor requested the deletion on the ground that the bank account was in trust for Louise Chiprout, testatrix’ granddaughter, and being unrevoked became her property upon the death of testatrix (Matter of Totten, 179 N. Y. 112; Matter of Halpern, 303 N. Y. 33; Matter of Vaughan, 145 Misc. 332; Banking Law, § 134, subd. 2; § 239, *653 subd. 2). The objectant alleges upon information and belief that said trust was revoked by the testatrix in her lifetime and prior to the execution of her will, but has not attempted to substantiate this claim. Instead the parties have submitted this issue upon an agreed statement of facts wherein it is stipulated that testatrix opened the account in the name of 1 ‘ Louise Chiprout in trust for Louise Chiprout ’ ’ and that it amounted to $10,353.06 as the date of her death. The special guardian, supporting petitioner’s position, refers to the bank signature card in the account which it is alleged sets forth the address of Louise Chiprout, the granddaughter and namesake, thus indicating an intent to make her the beneficiary of the trust account. It is further demonstrated that testatrix was known to favor her granddaughter, strengthening the presumption of an absolute trust being created as to the balance on deposit at the time of her death (cases cited above). Objeetant strenuously opposes any consideration of alleged facts or circumstances not included in the agreed statement of facts. Even though the stipulation of facts may not be supplemented by statement of counsel the will itself both identifies Louise Chiprout, the grandchild, and is proof of testatrix’ generosity to her. This rebuts any reasonable inference that testatrix might have opened a deposit in trust for herself. The bank account herein is subject to California law which is assumed to be the same as New York law, absent any showing to the contrary. The court therefore determines that the said account is the property of Louise Chiprout, testatrix’ granddaughter. Item 1 of the objections to the account is therefore overruled.
Settle decree on notice construing the will and settling the account accordingly.