Maximilian Moss, S.
This is an application for a construction of the will of testatrix with respect to the intended disposition of certain real property. Testatrix’ holographic will dated October 28,1931, was admitted to probate on September 25,1956. In paragraph 1 ‘ Third ’ ’ of the will, testatrix provided in part as follows: “ I give to Mildred Hinman (her daughter) In trust for Theadore Junghans her god child and my grand son my home with all furnishings * * #. I positively wish no encumbrance such as a mortgage or lean [sic] to be placed upon this property * * *. This home is not to be rented or leased for any business whatever. * * *. I give it to my daughter * * * to make sure that she may have a home during her life time. At her death this property goes to her Godchild.” The remainderman, Theadore Jnnghams, survived testatrix but has since died. Petitioner seeks leave to sell the real property described in the will.
In the opinion of the court, testatrix was primarily concerned with the welfare of petitioner, her daughter. Although she used the terminology ‘1 in trust ’ ’ in paragraph ‘ ‘ Third, ’ ’ a careful analysis of the will as a whole reveals that it does not impose the duties of a trustee upon petitioner. The words were used with a layman’s conception of their meaning.
In the absence of an express or implied direction for the payment of income by a trustee to another as beneficiary, no valid trust is created (Matter of Hasketts, 4 Misc 2d 1065; Murray v. Miller, 178 N. Y. 316; Crooke v. County of Kings, 97 N. Y. 421, 436; Real Property Law, § 96). Testatrix gave to petitioner both the actual possession of the realty and the rents and profits. *657 Under such facts, the statute creates a legal life estate with the same incidents of tenure as if the bequest had taken such form (Real Property Law, § 92; Matter of Reed v. Browne, 295 N. Y. 184; Rose v. Hatch, 125 N. Y. 427; Matter of Holzwasser, 177 Misc. 868, 871; Matter of Haradon, 173 Misc. 993). Such a life estate is a freehold estate giving the beneficiary the full possession, use and enjoyment of the property for the duration of her natural life (Ackerman v. State of New York, 199 Misc. 76; McFarland v. State of New York, 5 Misc 2d 884).
The court holds that the true meaning, construction and effect of paragraph “ Third ” of the will was to devise the described real property to Mildred Hinman for her life with remainder upon her death to testatrix’ grandson, Theadore Junghans. Since the latter survived testatrix but died before the life tenant and there being n'o words of survivorship in the will, he took a vested interest in the remainder upon the death of the testatrix (Matter of Krooss, 302 N. Y. 424, 429; Stringer v. Young, 191 N. Y. 157, 162; Matter of Watson, 262 N. Y. 284, 299). Upon the death of the life tenant the remainder interest of Theadore Junghans will pass to or be payable to his estate.
Inasmuch as the real property was specifically devised to testatrix’ daughter, who is not an infant or incompetent, section 13 of the Decedent Estate Law does not become operative to confer a power of sale upon the executrix. The executrix may however make appropriate application for the sale of the real property pursuant to section 233 et seq. of the Surrogate’s Court Act. The net proceeds derived upon such sale shall be held by the life tenant for her life in lieu of the realty. Settle decree on notice.