doubtful meaning, and may either indicate the fund itself in a transmuted form or the income or increase thereof (6 Words and Phrases Judicially Construed, sub nom. Proceeds); but, if the "proceeds" are to be derived from the estate, the estate cannot be embraced in a gift of the "proceeds." The executor as such is not entitled to commissions on income collected. If, as found supra, there was a trust operative during the period of these collections, it is only to the trustee that the commissions can be allowed.

It is claimed that the executor should not have commissions on certain tools, machinery, and other articles mentioned in the second paragraph of the will, or upon certain stock in trade mentioned in the seventh paragraph of the will. The argument in this respect is that these chattels were specifically bequeathed to the son. It is found that there was a specific gift of all the "tools, machinery, utensils, fixtures, horses, wagons and other appliances" which the decedent had in use in his business; but as to the stock on hand there was not a specific gift. A legacy of $10,000, which was payable, in one event in money and in the other event was payable in part with the stock on hand in the decedent's business, at a valuation to be made by the executor, affords no ground for regarding the gift of the stock as a specrfic legacy.

The only ground for excluding an executor from commissions on a specific gift is that no duty of administration falls upon him with regard to the article bequeathed. It is said that the title to the thing bequeathed vests primarily in the legatee, subject, of course, to the right of the executor to regain it, if it be needed for the payment of debts. Far different is the case where a legacy is given soluble partly in money and partly in goods at a valuation to be ascertained by the executor.

This will directs the executor to take an inventory of the stock on hand. It provides that the articles so inventoried shall be appraised and upon appraisal shall "form an asset of the (my) estate," and that the value of the stock, as shown by the inventory, shall be deducted from the gift of $10,000, in case the son shall undertake the business.

Commissions are allowed upon the value of the stock on hand, and not upon the value of the goods and chattels mentioned in the second paragraph of the will.

Decreed accordingly.

---

(69 Misc. Rep. 523.)

### In re ENGLAND'S WILL.

(Surrogate's Court, Kings County. November, 1910.)

1. Trusts (§ 136*)—Passive Trusts.

A devise to an executor in trust, giving to the life beneficiary the same right to occupy the land as if he possessed the legal title, is a dry trust, and not permissible under Real Property Law (Consol. Laws, c. 50) § 96, prescribing the purposes for which an express trust may be created in real property; and the title to the land vests in the beneficiary, under section 93, providing that a devise of realty shall be made directly to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

person in whom the right to the possession and profits is intended to be vested.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 179; Dec. Dig. § 136.*]

2. TRUSTS (§ 16*)—POWERS IN TRUST.

Real Property Law (Consol. Laws, c. 50) § 131, defines a power as the authority to do an act in relation to realty, or to the creation or revocation of an estate therein or a charge thereon, which the owner granting or reserving the power might himself lawfully perform. Section 137 defines a general power to be in trust where any person or class of persons other than the grantee of the power is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from its execution. *Held*, that where a devise is to an executor in trust, the life beneficiary having a right to occupy the land, a provision that in certain events the executor should rent a part of the premises and apply the rents as directed, while it does not divest the title of the life tenant, nor create a trust, is valid as a power in trust, though in case of sale the share of each legatee is to be paid when he arrives at the age of 23 years, each legatee taking a present right to his legacy upon conversion of the realty, with postponement of payment; and such power is not invalid because, in case of the death of a legatee, his share shall be paid to his survivors, the legacy becoming immediately payable in such case, no suspension being possible beyond the life of the life tenant, and the life of the deceased legatee.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 16.*]

Proceedings for probate of the will of Emmeline M. England. Will construed.

Robert E. Doherty, for executor.
Roy, Watson & Naumer, for Franklyn R. England.
Katherine B. Daniel, special guardian.

KETCHAM, S. The finding in this case will be that the trust attempted in the sixth paragraph of the will was a dry and passive trust; that the legal estate in the lands sought to be affected thereby was devised to Franklyn R. England, his wife, and his children in equal shares during the life of Franklyn R. England; and that the trust, so far as it directed or authorized the performance of any act by the executors either during or after the life of Franklyn R. England, is valid only as a power in trust.

The will is so exceptional that an analysis of its words would afford little of general value. The trust during the life of Franklyn is not one of the permissible trusts, since the executor was not thereby authorized to receive the rents and profits. Real Property Law (Consol. Laws, c. 50) §§ 96, 97. Hence, during the life of Franklyn, the lands must descend, unless there is found in him, either alone or with his wife and children, such right of possession as under the statute will vest a legal estate. Real Property Law, § 93.

The right "to occupy," which the will gives, is a right to the possession and to the rents and profits. This right is fettered by certain requirements, which, whether they are called conditions or not, impose upon the occupants no duty or burden which they would not be charged with as life tenants, in the absence of the restrictions. If, then, the possession bestowed is, in terms, no less actual and untram-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

meled than it would be if no restrictions were indicated, it is the same sort of actual possession, the same right to the rents and profits, as those which under the statute create a legal estate.

The provision that in certain events the executors shall rent a part of the premises, and apply the rents to the payment of charges upon the house, and render the surplus to one of the life tenants, cannot create a trust; for it does not contemplate that the proposed trustees, upon intervening, shall divest the title of the life tenants, already vested. In no event are the executors to take away the title to the whole premises, and a trust as to a single floor or other undivided portion of a house is inconceivable.

This forces the inquiry as to whether the duties intended to be performed by the executors can be lawfully discharged under a power. A power to lease lands for the purpose of paying charges thereon is within the definition of the statute. Real Property Law, § 131. It is a general power in trust, where persons other than the grantee of the power are designated as entitled to the proceeds or other benefits to result from its execution. Real Property Law, § 137.

The persons under this will who were designated therein as entitled to the benefits to result from the leasing of a portion of the premises are the life tenants, as well as the remaindermen, whose estate is to be saved from forfeiture, and whose improvements are to be preserved from dilapidation. The executors, therefore, have a power, imposed upon the life estate, to lease the premises and to apply the rents in accordance with the will.

The effort to create a trust in remainder to sell the lands for the benefit of the legatees named should fail, unless it can be seen that the executors are empowered to receive the rents and profits. Real Property Law, § 97. No such power is expressly given, and the will does not yield any implication of its existence. The right or duty to receive the rents and profits cannot be derived from the mere words of devise; for the statute declares that no estate shall vest in the trustee, even when there is a "devise" to him, unless he is "also empowered to receive the rents and profits."

In its absence, the executors took a power of sale, and the lands descended subject to the execution of the power. This power is not invalid because, in case of sale, the share of each legatee is to be paid when he arrives at the age of 23 years. Upon conversion of the real estate, each legatee will take a present right to his legacy, with postponement of its payment.

Nor is the power impaired because, in case of the death of a legatee, his share shall be paid to his survivors. In case of such death, the legacy will become immediately payable by the terms of the will, and no suspension is possible beyond the life of Franklyn and the life of the deceased legatee.

The decree of probate will contain a construction of the will accordingly.

Decreed accordingly.