In the Matter of the Estate of LENA HOLZWASSER, Deceased.

Surrogate's Court, Westchester County, December 4, 1941.

*Herman Goldman,* for Max Zaliels and William Hull, as executors, etc.

MILLARD, S.  In the within accounting proceeding the executors have requested a construction of the provisions of article Third of the will of decedent, which reads as follows:

" I give, devise and bequeath to my Trustees hereinafter named in trust, nevertheless, my real property at Tuckahoe, New York, occupied by me as a residence for the following uses and purposes:

" To permit my sons, MILTON HOLZWASSER and WILLIAM HOLZWASSER, to reside therein and use the same during the lives of both of them provided they bear and pay all charges, taxes and interest necessary to maintain the premises in good order and repair and pay all interest, taxes, water charges and other charges thereon and pertaining thereto.  Upon the death of either of my said sons, MILTON HOLZWASSER or WILLIAM HOLZWASSER, this trust shall terminate, and I give, devise and bequeath the said real property to the survivor of them, absolutely. I give and grant to my Trustees full power and authority anything in this will to the contrary notwithstanding at any time in their sole and uncontrolled discretion to terminate this trust by the sale of said real property and in the event of such sale to make, execute and deliver good and sufficient deeds of conveyance thereto.  The fact that one of the Trustees is also a beneficiary under this trust shall not in any way limit or otherwise affect the power to terminate this trust herein granted to my Trustees."

The two sons named therein are not residing in said premises. The trustees have rented said premises and are now considering the advisability of selling the property. The trustees express doubt, however, as to the effect of such a sale upon the rights of the beneficiaries named in said paragraph, particularly as to the disposition of the proceeds of sale.

The decedent was survived by four sons and three daughters, all of whom are named as legatees in said will. In addition to the provisions made for them under article Third of said will, the decedent's sons, Milton and William, were bequeathed all household furniture, furnishings and equipment contained in the premises. Moreover, Milton is made the life beneficiary of a trust fund in the sum of $20,000, and William has qualified as one of the executors and trustees under said will. The residue of the estate is divided equally among the decedent's seven children, including Milton and William. As it is a fundamental rule of construction that the intention of the testator is to be determined from " the four corners of the will " (*Matter of Gargiulo*, 138 Misc. 90), all of the provisions of said will are, therefore, pertinent in so far as they indicate the persons intended to be made the primary objects of decedent's bounty.

It is to be noted that under article Third of said will, the decedent's sons, Milton and William, are to be permitted not only to reside therein, but are also to be permitted to use said premises. Although there is no specific provision for the disposition of the rents and profits thereof, there is no evidence of an intent that any one other than decedent's sons, Milton and William, is to receive the rents and profits therefrom. Even if the directions therein contained to pay carrying charges were construed as a condition, no burden that a life tenant would not ordinarily bear is imposed thereby. In my opinion, by the provisions of article Third, the testatrix intended to create the right to use and possession (*Tobias* v. *Cohn*, 36 N. Y. 363), as distinguished from what was described in *Carpenter* v. *Carpenter* (131 N. Y. 101) as a mere right of occupancy. The right of a beneficiary to occupy and use property necessarily excludes the right of the trustee to receive the rents and profits. (*Wainwright* v. *Low*, 132 N. Y. 313; *Shuler* v. *Shuler*, 137 App. Div. 515.) In my opinion, the permission given to decedent's said sons to " reside " in and to " use " said premises, therefore, created in them a right to the possession of said premises and to the rents and profits therefrom.

It is clear that the trust sought to be created fails as an express trust, its purpose not being among those for which an express trust may be created under section 96 of the Real Property Law.

The performance of no active duties being required of the trustee, the trust is a passive trust. (*Matter of Cooney*, 112 App. Div. 659.) Section 92 of the Real Property Law, relating to passive trusts, vests a legal estate of the same quality and duration, and subject to the same conditions as the beneficial interest, in any person entitled by grant or devise to both the possession of real property and to the receipt of rents and profits thereof. Section 93 thereof, also relating to passive trusts, directs that such a conveyance or devise to a person in trust for, or for the use of a person other than a person in whom the right to rents and profits is intended to be vested, vests no title in the trustee. In order for the statute to execute a passive trust and thereby vest legal title in the beneficiary named, there need not be a specific grant of the rents and profits. (*Helck* v. *Reinheimer*, 105 N. Y. 470; *Gueutal* v. *Gueutal*, 113 App. Div. 310.)

The law is well settled that where as here the trust described in the will is a passive trust involving no active duties on the part of the trustee, the legal title vests in the beneficiary by operation of law. (*Jacoby* v. *Jacoby*, 188 N. Y. 124.) In such a case the remainder vests in the beneficiaries to whom it has been devised. (*Denison* v. *Denison*, 185 N. Y. 438; *Verdin* v. *Slocum*, 71 id. 345; *Shuler* v. *Shuler*, *supra*.) The fee absolute, therefore, vests in the survivor of the two sons of testatrix, the testatrix having employed words of present gift (*Connelly* v. *O'Brien*, 166 N. Y. 406), subject to the life estate and to the exercise of any valid power of sale in the trustees. (*Matter of England*, 69 Misc. 523.)

Although the devise with a power of sale to said trustees did not vest any title in the trustees, the trust being invalid for the reasons above set forth, and the trustees not having been given power to receive the rents and profits, in my opinion the trust was valid as a special power in trust, and the legal title vested in said sons of the testatrix subject to the execution of such power. (Real Prop. Law, §§ 97, 138; *Chamberlain* v. *Taylor*, 105 N. Y. 185.)

I, therefore, determine that decedent's sons, Milton and William, are entitled to the possession of said premises and the rents and profits thereof so long as they both shall live, unless the premises are sooner sold, such rents and profits to be equally divided between them. Upon the death of either prior to such sale, the fee shall vest absolutely in the survivor. Upon such a sale prior to the death of either of said sons of the testatrix, the proceeds thereof shall vest in said sons, Milton and William. By the terms of the will the projected trust will terminate upon such sale of said premises, and, therefore, in my opinion, said beneficiaries will take not only a vested legacy in the net proceeds (*Matter of England*, *supra*).

but will thereupon become entitled to immediate payment thereof, share and share alike. Article Third of said will is construed accordingly.

: The trustees are authorized to relinquish and abandon all their rights and those of the estate in the securities specified as having no value.

Submit decree accordingly.