**UNITED STATES of America**

**v.**

**37.6 ACRES OF LAND, MORE OR LESS, IN NEW LONDON COUNTY, CONNECTICUT; Belton A. Copp, Jr., et al.**

**Civ. A. No. 4957.**

United States District Court, D. Connecticut.

Sept. 22, 1954.

Harry W. Hultgren, Jr., Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Morris Tyler, New Haven, Conn., Belton A. Copp., New London, Conn., for defendants.

SMITH, Chief Judge.

Defendant in its answer to the complaint in a land condemnation action undertaken by the United States for the Navy Department, to acquire land on which Title VIII housing is to be built, seeks to attack the authority to condemn, relying particularly on a claim that approval of the Armed Services Committees of the Congress was a condition precedent under the law and was not obtained. Defendants seek a preliminary injunction halting work on a Navy housing project on the land, or a revocation of the order granting possession to the United States, pending final determination of the issues raised in the answer.

■ The third and fourth defenses, seeking to raise the question of public use where the Navy intends to lease the land taken for construction of housing for naval personnel under Title VIII of the Housing Act, 12 U.S.C.A. § 1748 et seq., are insufficient in law and are ordered stricken. United States v. 243.22 Acres of Land in Babylon, 2 Cir., 129 F.2d 678, certiorari denied Lambert v. U. S., 317 U.S. 698, 63 S.Ct. 441, 87 L.Ed. 558; United States v. State of N. Y., 2 Cir., 160 F.2d 479, certiorari denied 331 U.S. 832, 67 S.Ct. 1512, 91 L.Ed. 1846.

■ The first defense, that the complaint fails to state a cause of action on which relief can be granted is also insufficient, the complaint on its face containing sufficient allegations to base a judgment in condemnation. Paragraph numbered 2 of the First Defense is ordered stricken.

There remains the defense of failure to comply with Sections 505 and 601 of Public 155, 82nd Congress, 12 U.S.C.A. § 1748i, 40 U.S.C.A. § 551.

■ Since the authority to take land for this purpose depends upon this authorization act, failure to comply with the requirements of the act itself would be a good defense to the taking. On the present pleadings the motion to strike this defense must therefore be denied.

In determining whether the court's discretion should be exercised to halt construction pending determination of this issue, however, it must be noted that the land in question is vacant pasture land and that no showing has been made that restoration to its former condition would be impossible if the government fails in its action and is eventually required to return the land and pay damages occasioned by the taking of possession.

Moreover, it is most probable from the statements of counsel in the briefs that approval of the project by both committees was in fact obtained, even though no consideration may have been given to a specific site involved.

No such limitation to the particular parcels whose taking is contemplated is found in the Act itself and reference to the reports on the bill and to the debate at 97 Cong. Record, part 4, pp. 5435–5444, on the overriding of the veto of the earlier bill whose language became incorporated in section 601 of Public 155, 82nd Congress reveals no intention so narrowly to limit the nature of the reports to the Congressional Committees. The amount of the estimated expenditure here, $40,000, was sufficient to require approval by the committees. If the com—

mittees were content to approve the project without passing on the particular parcel of land to be chosen, the statutory condition would seem to have been complied with.

The motion to strike is granted as to paragraph 2 of the First Defense, as to the Third Defense and as to the Fourth Defense, denied as to paragraph 2 of the Second Defense.

The motion for temporary injunction or to revoke the order of June 15, 1954 granting immediate possession to the government is denied.