UNITED STATES v. 76.15 ACRES OF LAND, MORE OR LESS, IN CITY OF ALAMEDA, ALAMEDA COUNTY, CAL., et al.

No. 30735.

United States District Court
N. D. California, S. D.

March 7, 1952.

M. Mitchell Bourquin, Sp. Asst. to U. S. Atty. Gen., Chauncey Tramutolo, U. S. Atty., Northern District of California, San Francisco, Cal., for plaintiff.

Brobeck, Phleger & Harrison, San Francisco, Cal., for Regents, University of California.

William M. Maxfield, San Francisco, Cal., Dade Export Engineers, Inc.

John F. Turner, Oakland, Cal., Dutro Co.

OLIVER J. CARTER, District Judge.

This is an action for condemnation of 76.15 acres of land owned by the University of California in Alameda County, California. Prior to the condemnation by the United States the University had leased the land in question to various tenants, who are named defendants herein. One of these tenants, Dade Export Engineers, Inc., subleased a portion of its premises to Daniel A. Dutro, General Partner, Anthony Dutro and John A. Dutro, Limited Partners, doing business under the firm name and style of Dutro Company, and sued herein as Third Doe Corporation. Insofar as these proceedings are concerned, it is sufficient to say that the defendants, University of California, Dade Export Engineers, Inc., and Dutro Company have all filed answers to the complaint in condemnation. At the same time, however, the named tenant and subtenant of the University have filed cross-complaints against the University in this action, asking for damages for breach of the lease and sublease by the University. The United States, after filing a Declaration of Taking, deposited the sum of $774,000 in the Registry of this court, and the University has made application to withdraw the sum on deposit in toto. The University has also moved to dismiss the cross-complaints or, in the alternative, requests a summary judgment against the cross-complainants.

■ Coming first to the question of the withdrawal of the money on deposit in the Registry, the only point at issue is whether the University is entitled to withdraw the full sum deposited or whether sufficient money should be held on deposit to cover the disputed claims of the defendants who are asserting an interest in the property sought to be condemned. Both defendants other than the University have conceded in open court that both of their claims for compensation taken together will not exceed the total amount of $53,200. At this stage of the proceedings the court is not in any position to make a determination as to the disbursement of the funds which have been deposited in the Registry and concerning which there is a conflict. The amounts to be awarded to each of the defendants for compensation will have to be determined at the trial of the issue, and until that issue is determined the court should withhold sufficient money on deposit to satisfy the conflicting claims. Therefore it will be necessary to retain the sum of $53,200 on deposit, and the balance of the money on deposit, or the sum of $720,800 may be withdrawn by the University subject to the provisions of Federal Rules of Civil Procedure, Rule 71A(j), 28 U.S.C.A.

■ The next question is raised by the University's motion to dismiss the cross-complaints of its tenants upon the grounds that the court has no jurisdiction over the subject matter of the cross-complaints, that the cross-complaints fail to state a claim upon which relief can be granted, and that the cross-complaints present no genuine issue to any material fact. This motion raises the very fundamental question as to whether codefendants in a condemnation action should be permitted to litigate between themselves in the condemnation proceedings any other issue than their respective rights to compensation for the property being taken. At the outset it is necessary to determine whether the provisions of Section 71A of the Federal Rules of Civil Procedure apply to this action. The condemnation action was commenced on July 25, 1951, and Rule 71A became effective on August 1, 1951 in accordance with Paragraph 3 of the Supreme Court Order adopted April 30, 1951, 71 Supreme Court CXXII. This Order provides further: "Rule 71A governs all proceedings in actions brought after it takes effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in a particular action pending when the rule takes effect would not be feasible or would

work injustice, in which event the former procedure applies."

There is no question here but what it would be feasible and it would not work an injustice to apply the provisions of the Rule to a condemnation action which was commenced seven days prior to the effective date of the Rule.

■ The cross-complainants argue that, upon the assumption that the Rule applies, the provisions of subdivision (a)[1] of the Rule, when read in connection with Rule 13(g)[2], permit the filing of a cross-complaint in this condemnation action to litigate the question of damages arising out of the alleged breach of the lease and sublease by the University. In order to arrive at this assumption the cross-complainants contend that Rule 71A is silent on the question and that therefore Rule 13(g) is applicable, and further that the action for breach of lease arises out of the same transaction or occurrence and that the property involved in the breach of lease is also the subject matter of the condemnation action. The cross-complainants are in error on both of these contentions. In the first place, Rule 71A is not silent on the question of what responsive pleading may be made in a condemnation action. Subdivision (e), after providing for appearance or answer, setting up the nature and extent of the interest claimed and the objections and defenses to the taking of property, provides: "A defendant waives all defenses and objections not so presented, but at the trial of the issue of just compensation, whether or not he has previously appeared or answered, he may present evidence as to the amount of the compensation to be paid for his property, and he may share in the distribution of the award. *No other pleading or motion asserting any additional defense or objection shall be allowed."* (Emphasis added.)

■ In the second place the cross-complaint which asks for damages for an alleged breach of the lease between the University and its tenant does not arise out of the same transaction or occurrence or relate to any property that is the subject matter of the condemnation action. The action for breach of the lease is sounded in contract and is in personam, whereas the condemnation proceeding is an action in rem, based on the power of eminent domain which resides in the government of the United States acting for its people. *United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729.* The defect in the argument advanced by the cross-complainants is that the injury they complain of is not the proximate result of the action of the United States to condemn the property involved herein. Rather it is the result of the action or inaction taken by their lessor, the University of California. *Chicago, Milwaukee, St. Paul & Pacific Railway Co. v. Chicago Rock Island & Pacific Railway Co., 8 Cir., 138 F.2d 268, 271.* While there is no question but what the cross-complainants have the right to litigate their claims for compensation for the taking of their alleged interests in the property sought to be condemned in the condemnation action, *United States v. Petty Motor Co., 327 U.S. 372, 380, 66 S.Ct. 596, 90 L.Ed. 729; United States v. 6.87 Acres of Land, D.C., 52 F. Supp. 594; Id., D.C., 58 F.Supp. 949,* affirmed *147 F.2d 351,* and while they have the right to litigate their claims for damages for the alleged breaches of lease by the University of California, they do not have the right to litigate both questions in this condemnation action. The motion to

---

1. "71A(a) Applicability of Other Rules. The Rules of Civil Procedure for the United States District Courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided in this rule."

2. "13(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant. As Amended Dec. 27, 1946, effective March 19, 1948."

dismiss the cross-complaints must therefore be granted for lack of jurisdiction.

It is therefore ordered, adjudged and decreed,

1. That the Clerk of this court be and he is hereby directed to pay forthwith to the Regents of the University of California the sum of Seven Hundred Twenty Thousand Eight Hundred Dollars ($720,-800) on account of the just compensation to be awarded to said Regents in this proceeding, without prejudice to the right of said Regents to the award of a further amount on account of just compensation, including interest on said sum of $720,800, and further principal and interest thereon. It is further ordered that if the compensation finally awarded to said Regents is less than the amount paid to them hereunder, said Regents shall restore to plaintiff the amount of such overpayment, together with interest thereon.

2. That the cross-complaint of Dade Export Engineers, Inc., herein be and the same is hereby dismissed with prejudice.

3. That the cross-complaint of Daniel A. Dutro, General Partner, Anthony Dutro and John A. Dutro, Limited Partners, doing business under the firm name and style of Dutro Company, and sued herein as Third Doe Corporation, be and the same is hereby dismissed with prejudice.