**CONDUIT INDUSTRIAL REDEVELOP-MENT CORPORATION, a Corporation, Plaintiff,**

v.

**William D. LUEBKE et al., Defendants,**

**Garnet E. Schultz and Edna Schultz, Defendants-Appellants,**

**Josephine Kempen et al., Defendants-Respondents.**

No. 51183.

Supreme Court of Missouri.

Division No. 1.

Dec. 13, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied and Opinion Modified on Court's Own Motion Jan. 10, 1966.

W. W. Sleater, St. Louis, for appellant.

Gunn & Gunn, Donald Gunn, Donald Gunn, Jr., James F. Gunn, St. Louis, for respondents.

HYDE, Presiding Judge.

In a condemnation proceeding to condemn eleven parcels of land in St. Louis, defendants Schultz (hereinafter called appellants) filed a cross-claim for $10,200.00 actual damages and $100,000.00 punitive damages against defendants Kempen (hereinafter called respondents) and also a counterclaim for specific performance against plaintiff condemnor. This counterclaim has been dismissed as has also an appeal from an order overruling appellants' motion to quash the court's order requiring them to vacate parcels 8 and 9. The court dismissed appellants' cross-claim and they have appealed from the order of dismissal.

It was alleged in the cross-claim that on November 25, 1957, respondents signed a sales contract by which they agreed to sell appellants land designated parcels 8 and 9 in the condemnation proceeding for $3,000.-00. Appellants paid $200.00 and agreed to pay the balance on the stated closing date of "on or before 12/25/57." Appellants did not allege they ever tendered this balance but alleged that the sellers' attorney assured appellants "that the contract was in full force and effect and would be closed upon the passage of time, which in the opinion of the said attorneys for the sellers would give a clear marketable title" to them, which representations "lulled" them "into a feeling of security concerning the property" up to July 26, 1961, which was after respondents had made a settlement with the condemnor. The condemnation proceeding was commenced November 25, 1959. In their report filed January 30, 1961, the commissioners fixed damages for parcel 8 at $9,000.00 and for parcel 9 at $4,000.00; but after condemnor filed exceptions, respondents settled for $3,000.00 for parcel 8 and $566.71 for parcel 9, which settlement was approved by the court in June 1961. Appellants were parties to the condemnation proceeding because of their interests in other parcels condemned but were not named in connection with parcels 8 and 9, their contract not being recorded, although they were in possession apparently using these parcels in connection with their other land.

Appellants claim Civil Rule 55.49, V.A. M.R., gives them the right to file the cross-

claim for damages for breach of contract to sell them land condemned in this condemnation proceeding. Appellants rely on Civil Rule 86.01 providing that in condemnation proceedings (with exceptions relating to constitutional charter cities) "the procedure to be followed shall be that provided by these rules." They say this brings into condemnation proceedings all the other civil rules and authorizes them to file this cross-claim.

Our cross-claim Rule 55.49 is the same as Federal Rule 13(g). In United States v. 76.15 Acres of Land, More or Less, in City of Alameda, Alameda County, Cal., 103 F.Supp. 478, it was held that Rule 13(g) was not applicable to cross-claims of tenants against their lessor for damages for breach of a lease of the property condemned. The court said this "raises the very fundamental question as to whether codefendants in a condemnation action should be permitted to litigate between themselves in the condemnation proceedings any other issue than their respective rights to compensation for the property being taken." The court holding such cross-claims could not be litigated therein said: "[T]he cross-complaint which asks for damages for an alleged breach of the lease between the University and its tenant does not arise out of the same transaction or occurrence or relate to any property that is the subject matter of the condemnation action. The action for breach of the lease is sounded in contract and is in personam, whereas the condemnation proceeding is an action in rem, based on the power of eminent domain which resides in the government of the United States." A different ruling was made in United States v. Merchants Matrix Cut Syndicate, (USCA 7) 219 F.2d 90, on the court's construction of Federal Rule 71A on condemnation proceedings. (However, the court found no merit in the tenants' cross-claims because they were for damages which could not be condemnation compensation and reversed their judgments against their lessor.) This ruling permitting such cross-claims is criticised in Barron and Holtzoff Federal Practice and Procedure, Sec. 1516, saying: "When the final sentence of Rule 71A(e) is read in this context, it would seem that all pleadings or motions are barred except an answer stating objections or defenses to the taking of the property. Since a cross-claim against a co-defendant is not within this category, it should be held that such a cross-claim is barred by Rule 71A(e) and thus that Rule 13(g) cannot apply in condemnation proceedings." As to the California case, (103 F.Supp. 478) Barron and Holtzoff Federal Practice and Procedure, Sec. 1516, although considering it to reach the right result, makes the following comment: "Whether the 'transaction or occurrence' test is met may well turn on whether the lessee is claiming damages from the landlord because the condemnation will result in his dispossession, or whether he is seeking redress for some breach of the lease unrelated to the condemnation. But it would seem that in any event the cross-claim relates to the property which is the subject of the original action, and thus that it meets the test of Rule 13(g)."

■ Chapter 523, RSMo, V.A.M.S., provides for condemnation proceedings and an examination of its provisions is persuasive that it is intended as a special statutory proceeding largely containing its own specific procedures for condemnation issues only. It provides who may be made parties and where the condemnation action shall be filed—§§ 532.010 and 523.020; when and how the summons may be served or published—§ 523.030; the time and manner of the commissioners making their report and the parties taking exception thereto is also expressly provided—§§ 523.040 and 523.050. Provision is made for the ascertainment by a jury of the amount of damages "under the supervision of the court, as in ordinary cases on inquiry of damages" —§ 523.050, subd. 2. Civil Rule 86 is intended to supplement Chapter 523 procedurally.

Where a private corporation which has the power to exercise the right of eminent domain damages property for a public use, the person injured may have his damages ascertained under § 523.090. Beetschen v. Shell Pipe Line Corporation, Mo. App., 248 S.W.2d 66; Riggs v. City of Springfield, 344 Mo. 420, 126 S.W.2d 1144, 122 A.L.R. 1496. In Arkansas-Missouri Power Company v. Hamlin, Mo.App., 288 S.W.2d 14, 18 [9, 10], the court stated: "Condemnation proceedings are sui generis and the civil code does not apply to them except in so far as the legislature specifically makes it applicable. State ex rel. Fugatt v. Hawkins, 241 Mo.App. 640, 264 S.W.2d 387. The landowner is not required to make any specified pleading in order to recover full damages for the appropriation of his land. Caruthersville School Dist. No. 18 of Pemiscot County v. Latshaw, 360 Mo. 1211, 233 S.W.2d 6, 11." See also St. Louis Housing Authority v. Evans, Mo.Sup., 285 S.W.2d 550, 553. Although Civil Rules procedures may be applicable where necessary to fill gaps and expedite proceedings, we do not consider that all civil procedure has been grafted onto condemnation proceedings without limitations as to controversies involving issues unrelated to condemnation.

In Laclede Gas Co. v. Abrahamson, Mo. Sup., 296 S.W.2d 100, 103, 61 A.L.R.2d 1286, we held that adjoining landowners had no absolute right to intervene in a proceeding to condemn underground gas storage easements. We said: "The purpose of this action is to take rights in certain described lands and to determine the compensation due the owners thereof for the rights taken from them. Persons not made defendants who had an interest in those lands would have an absolute right to intervene, but persons who are owners of adjoining lands and are only entitled to consequential damages to such lands do not have the interest in the action necessary to give them an absolute right to intervene."

Respondents contend that appellants' cross-claim is inapplicable to and cannot be considered in this condemnation proceeding because excluded by the last clause of the last sentence of Civil Rule 86.08, as follows: "Notwithstanding said exceptions, the condemner may, after paying the amount of the commissioners' award to said clerk of the court for the owner or owners of any property involved, take possession of the property or subject it to the public use set out in the condemnation petition, *and any subsequent proceeding shall only effect the amount or division of the compensation allowed.*" (Emphasis ours.) This is a strong indication of intention to limit condemnation procedure to condemnation issues, at least after compensation has been determined. We see no reason why it should not be applicable when the compensation is paid directly to the record owners instead of being paid into court and there is no claim that anything more is due to anyone from the condemnor. This cross-claim was filed (August 11, 1961) only after respondents had settled with the condemnor and been paid for the land and had no further interest in the condemnation case. Appellants in their cross-claim are not claiming any interest in the land condemned (they dismissed their counterclaim for specific performance) nor in any award or settlement for it but only are seeking damages for a claimed breach of contract of sale by the owners. Appellants seek no part of the condemnation award or settlement but ask for a personal judgment for damages against the landowners for an alleged breach of a contract of sale. Clearly appellants seek redress for an alleged breach of contract unrelated to the condemnation. In the above-cited federal cases, the rights of the lessees of the land involved were condemned along with the interest of their lessor therein, so that their cross-claim reasonably could be held to relate to the property that was the subject matter of the original action. In this case, appellants had no interest to be condemned and claimed only a right to damages against the owner for breach of a contract of sale. Our view

is that appellants had no right to have such a cross-claim filed and tried in this condemnation proceeding; and the court ruled correctly in dismissing it.

The judgment is affirmed.

HENLEY and DONNELLY, JJ., concur.

HOLMAN, J., dubitante.