**UNION ELECTRIC COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**SLAY BULK TERMINALS, INC., and Lefton Iron &· Metal Company Corporations, Defendants,**

**Slay Bulk Terminals, Inc., Defendant-Respondent.**

**No. 34153.**

St. Louis Court of Appeals,
Missouri.

Dec. 23, 1971.

tion "for failure to comply with Section 523.010 RSMo 1959 [V.A.M.S.]".

We are confronted by two issues, i. e.,: (1) is the order of the circuit court appealable and if so, (2) is the petition fatally defective in failing to join as a defendant the owner of the fee. The latter issue is complicated by the fact that Union Electric sought to acquire the easement "for the period only of the unexpired term of the leasehold estate."

We deal first with appealability. After the filing of the condemnation petition Slay filed a motion to dismiss raising, among other things, the lack of a necessary party, the fee owner. This motion was denied and the court entered its order of condemnation. Slay then filed its "Motion To Set Aside Order of Condemnation" again raising the question of lack of a necessary party. This motion was heard by a different circuit judge, after the death of the original judge, and was sustained in the following language: "Defendant Slay Bulk Terminals, Inc. motion to set aside order of condemnation, previously heard, is hereby sustained for failure to comply with Section 523.010 RSMo 1959 [V.A.M.S.]."

Keefe, Schlafly, Griesedieck & Ferrell, William H. Ferrell, Francis L. Barkofske, St. Louis, for plaintiff-appellant.

McBride, Simon & Ruzicka, Paul J. Simon, St. Louis, for defendant-respondent.

SMITH, Commissioner.

Plaintiff-appellant filed a petition in circuit court seeking to condemn an easement and right-of-way for an electrical transmission line. Defendant Slay Bulk Terminals, Inc. (hereinafter Slay) is the lessee of the real property over which the easement is sought. The owner of the fee is the City of St. Louis which was not made party. Plaintiff has appealed from an order of the circuit court sustaining Slay's motion to set aside the order of condemna-

Slay contends that under State ex rel. State Highway Commission v. Hammel, Mo., 290 S.W.2d 113, a condemnation suit is not final for purposes of appeal until the commissioners file their report, exceptions thereto are filed and the amount of damages are finally fixed. That is true where the trial court finds that the condemnor has properly brought his action and has the right to condemn, even though that is contested by the defendant. But it is obvious that where the court determines that the action is improperly brought or there exists no right to condemn no commissioners are going to be appointed and no damages will be finally fixed. Dismissal of the petition at that point or a judgment denying condemnation is final and appealable.

The difficulty here is in the wording of the court's order. On its face it does not dismiss plaintiff's petition. Rather it sets aside a prior order of condemnation because of non-compliance with the statute which creates plaintiff's cause of action. The question then is whether the order is a "final determination of the rights of the parties in the action." Civil Rule 74.01 V.A.M.R. As stated in Chuning v. Calvert (K.C.C.A.) Mo.App., 452 S.W.2d 580 [3–5] referring to judgments: ". . . As its rendition and entry are the culmination of a series of interrelated aspects of the litigation, it must be construed with reference to the record as a whole, including the pleadings, instructions, verdict and those matters required to be preserved by statute or rule of court . . . We look to the whole record, therefore, to learn whether the judgment intended to determine all of the issues between all of the parties to the litigation, or whether anything was left for future decision."

We find here that the order was intended to determine the issues presented by plaintiff's condemnation petition. Slay, throughout had sought dismissal of the petition for failure to join the fee owner, as it contended was required under § 523.010 RSMo 1959, V.A.M.S. This is the basic statute under which plaintiff obtains the right to condemn, and compliance therewith is mandatory. Sassman v. State Highway Commission, Mo.App., 45 S.W.2d 1093 [3, 4].

The court's original order authorizing condemnation was a rejection of Slay's attack on plaintiff's compliance with the statute. Slay's motion to set aside the order of condemnation was a reassertion of this attack, in essence a claim that plaintiff's petition was fatally defective. When the court granted that motion "for failure to comply with Section 523.010" it was ruling that the petition was, in its present form, inadequate to authorize plaintiff's attempted condemnation of Slay's property. The reason for the requirement of finality is to prevent piecemeal appeals. No such problem is presented here. We believe it would be overly technical to dismiss the appeal as premature simply because the court below failed to add to its order, as would have been better procedure, that the petition was dismissed. We find it to have been the clear intention of the court in entering its order to terminate the litigation on the pleadings before it. We pass to the merits.

As previously stated Union Electric sought only to condemn an easement for the unexpired term of the lease. It stated it was not joining the City of St. Louis because it did not seek to acquire any property rights or interests from it. Whether it could acquire any such rights or interests from this municipal body by condemnation is questionable but does not affect the decision. Nor is the fact that the taking is of an easement rather than a larger interest (such as the entire leasehold) of concern. Section 523.010 draws no distinction in the procedure based upon the identity of the fee owner or the extent of the taking.

Section 523.010 contains three references to whom shall be made party defendants.

"1) . . . to which petition the owners of any or all as the plaintiff may elect of such parcels as lie within the county or circuit may be made parties defendant by names if the names are known . . .

"2) . . . If the present owner of any land to be affected has less estate than a fee the person having the next vested estate in remainder may at the option of the petitioners be made party defendant; but if such remaindermen are not made parties their interest shall not be bound by the proceedings.

"3) It *shall not be necessary* to make any persons party defendants in respect to their ownership *unless* they are either in actual possession of the premises to be affected claiming title or having a title of

the premises appearing of record upon the proper records of the county." (Emphasis supplied).

Plaintiff contends the first two of these provisions place joinder of the landlord at the discretion or option of the condemning corporation. We do not so interpret them. The first quoted provision was added to correct the situation found in Kansas City Interurban Ry. v. Davis, 197 Mo. 669, 95 S.W. 881. There the court held that under the prior statute all non-agreeing landowners whose property was to be condemned within the county or circuit were necessary parties and the failure to join all made the petition fatally defective. Here we are not concerned with separate parcels but with one parcel in which there are different interests. This provision does not make optional the joinder of the fee owner or owners of a single parcel sought to be condemned.

Nor can we accept plaintiff's position that section two applies to a lessor-lessee situation. That section is obviously directed at future interest ownership of the land. The ownership of the land by a lessor is a present interest. The lessor is the owner of the land in fee, he is not a remainderman. We cannot twist the clear wording "present owner of any land to be affected" into "present owner of any interest in any land to be affected" which is essentially what plaintiff contends.

█ Although section three is worded in negative fashion we find it clearly requires that the person having title to the premises of record be made a party defendant. The *Davis* case, *supra,* held these provisions to be mandatory.

Considering the interest which a lessor has in the property even when under a long term lease, his presence in the condemnation proceeding is necessary even though the taking is only for the period of the leasehold. Rental in leases is not infrequently based upon a gross receipts formula and such rental could be substantially affected by a taking through condemnation. The continued existence of the lease itself may be jeopardized by the condemnation proceeding. As stated in Millhouse v. Drainage District No. 48 of Dunklin County, 304 S.W.2d 54 [13, 14]: " . . . Anything which deprives the owner of the right to further consent to the tenancy (such as a taking under eminent domain) itself terminates the tenancy."

The lessor's interest is sufficient to warrant his joinder (even though only an interest affecting the leasehold is to be taken) and the statute clearly requires his joinder as a party defendant. Plaintiff's failure to join the landowner as required by Section 523.010 RSMo 1959, V.A.M.S., was a non-compliance with that statute and warranted the order entered by the court.

The action of the trial court is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the action of the trial court is affirmed.

BRADY, P. J., WOLFE, J., and LACKLAND H. BLOOM, Special Judge, concur.

DOWD, J., not participating.