**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**40.60 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, CONTRA COSTA COUNTY WATER DISTRICT, Defendant-Appellant.**

No. 71-2018.

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1973.

Frederick Bold, Jr. (argued), of Bold & Polisner, Richmond, Cal., for defendant-appellant.

Eva R. Datz, Atty. (argued), Dale Kent Frizzell, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., James R. Browning, Jr., U. S. Atty., J. Harold Weise, Asst. U. S. Atty., San Francisco,

Cal., Edmund B. Clerk, Land & Natural Resources Div., Dept. of Justice, Jacques B. Gelin, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before HASTIE,* BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

Does a district court have jurisdiction in a condemnation action brought by the United States to entertain the counterclaim of a public utility whose facilities are expressly excluded from condemnation?

In 1968, the United States condemned the entire community of Port Chicago, California, for use as part of the Concord Naval Weapons Station. Excepted from the condemnation were all public utility easements. Appellant Water District is the owner of certain of those easements.

Although not named as a defendant in the condemnation suit appellant filed a notice of appearance and counterclaim for compensation. The United States moved to dismiss the counterclaim for failure to state a claim upon which relief may be granted. Rule 12(b)(6), F.R.Civ.P. The district court granted the motion, relying on the decision in Southern Counties Gas Co. v. United States, 157 F.Supp. 934, 141 Ct.Cl. 28 (1958). See United States v. 40.60 Acres of Land, 324 F.Supp. 573 (N.D.Cal.1971).

■■ Southern Counties Gas is directly on point on the merits of appellant's claim, but the district court should not have reached the merits. The declaration of taking expressly excluded all public utility easements. The nature and extent of the interest to be acquired is discretionary with those authorized officials within the executive branch and may not be increased or decreased by the courts. United States v. 3,317.39 Acres of Land, 443 F.2d 104 (8th Cir. 1971). New York Tel. Co. v. United States, 136 F.2d 87 (2d Cir. 1943) is directly on point and dispositive. The court below had no jurisdiction over the subject matter of appellants' claim.

■ In the federal system jurisdiction takes precedence over the merits. Unless and until jurisdiction is found, both appellate and trial courts should eschew substantive adjudication. Opelika Nursing Home, Inc. v. Richardson, 448 F.2d 658 (5th Cir. 1971). The district therefore erred in reaching the merits of appellant's claim.

■■ Appellant is of course still entitled to its day in court. The appropriate proceeding is an independent suit under the Tucker Act either in the Court of Claims or, if the claim is for $10,000 or less, in the District Court. 28 U.S.C. §§ 1346(a)(2); 1491.[1]

The judgment of the district court is vacated and the cause is remanded with instructions to quash the notice of appearance and dismiss appellant's counterclaim for lack of jurisdiction over the subject matter thereof.

---

* Of the Third Circuit.

1. There is no occasion for this court to decide whether the district court would have had jurisdiction over appellant's counterclaim if that claim had been for $10,000 or less. There is a split of authority over whether Tucker Act claims can ever be brought as counterclaims. Compare United States v. Silverton, 200 F.2d 824 (1st Cir. 1952) with United States v. Nipissing, 206 F. 431 (2d Cir. 1913). There is also a dispute whether Rule 71A(e), F.R.Civ.P. precludes a defendant in a condemnation suit from raising a counterclaim against the United States. Compare United States v. 76.15 Acres of Land, 103 F.Supp. 478 (N.D.Cal.1952) with United States v. Merchants Matrix Cut Syndicate, 219 F.2d 90 (7th Cir. 1955) and United States v. Eight Tracts, 270 F.Supp. 160 (E.D.N.Y.1967).

But there is no question that a counterclaim cannot be maintained in the District Court if the amount sought exceeds $10,000. See United States v. 6.321 Acres of Land, 479 F.2d 404 (1st Cir. 1973); United States v. 87.30 Acres of Land, 430 F.2d 1130 (9th Cir. 1970).

In the present case there was no averment that the matter in controversy did not exceed $10,000. This omission is fatal. Cf. State Committee to Stop Sanguine v. Laird, 317 F.Supp. 664 (W.D.Wis.1970).