Eminent domain; taking/ compensability/ loss of facilities through condemnation of property. — Plaintiff asserts that defendant acquired by negotiated purchases and condemnation (see United States v. 40.60 Acres of Land, 483 F. 2d 927 (9th Cir. 1973), vacating judgment in United States v. 40.60 Acres of Land, 324 F. Supp. 573 (N.D. Cal. 1971)) lands in Contra Costa County, California, where plaintiff owned certain property consisting of easements and certain facilities used as part of its water distribution system to users in the community, that defendant uses the land as a safety zone in connection with the United States Naval *837 Weapons Station, that as a result of such acquisition and use the value and usefulness of plaintiff’s property has been completely destroyed, and that the acquisition constitutes a Fifth Amendment taking. Plaintiff seeks just compensation, plus interest and costs of litigation. On January 17, 1975 the court issued the following order:
Before davis, Judge, Presiding, and KUNZIG, Judge.
“This case comes before the court on defendant’s motion for summary judgment, filed February 28, 1974, and plaintiff’s cross-motion for summary judgment, filed April 9, 1974. Upon consideration thereof, together with the briefs and oral statements of counsel, it is concluded on the basis of the decision by this court in Southern Counties Gas Co. of California v. United States, 141 Ct. Cl. 28, 157 F. Supp. 934, cert. denied, 358 U.S. 815 (1958), that plaintiff is not entitled to recover.
“rr is THEREFORE ordered that plaintiff’s motion for summary judgment is denied, defendant’s motion for summary judgment is granted and plaintiff’s petition is dismissed.”
On February 28, 1975 plaintiff’s motion for rehearing en bane was denied. On May 16, 1975 plaintiff filed a petition for writ of certiorari.