STATE of Missouri ex rel., Betty RANTZ, Dean Sims, Vinita Sims, Ricky G. Kile, Tracy Kile, Lester Vining and Lois Vining, Relators,

v.

Honorable J. Edward SWEENEY, Circuit Judge, 39th Judicial Circuit, Respondent.

No. 20069.

Missouri Court of Appeals, Southern District, Division Two.

June 15, 1995.

Jerry L. Redfern, Richard L. Schnake, Brian K. Asberry, Neale, Newman, Bradshaw & Freeman, Springfield, for relators.

Peter M. Donovan, Springfield, John H. Gladden, Rich Tiemeyer, Jefferson City, MO Highway & Transp. Com'n, for respondent.

PARRISH, Judge.

Relators seek to prohibit the respondent circuit judge from quashing a notice to take depositions in a condemnation action brought by Missouri Highway & Transportation Commission (MHTC).[1] Relators own real estate that is part of the land MHTC seeks to condemn.

Relators filed a motion to dismiss the condemnation action. The motion to dismiss challenges, among other things, MHTC's authority to condemn parts of the land in question. Relators argue that some of the land sought is intended for uses other than those for which MHTC has authority to condemn; that MHTC's use of the power of eminent domain for these purposes is unconstitutional. Relators' motion to dismiss claims that MHTC acted arbitrarily and capriciously; that its actions in attempting to acquire land to be used for improper purposes constitute an abuse of discretion.

The respondent judge set relators' motion to dismiss for evidentiary hearing. In preparation for the hearing, relators served notice (that was later amended) on MHTC to take depositions. MHTC filed a motion to quash the notice. After a telephone conference with the respective attorneys in the condemnation action, respondent stated he would enter an order quashing the amended notice to take depositions unless prohibited from so doing. Upon application by relators, this court issued a Preliminary Order in Prohibition that prohibited respondent from quashing the notice. That order is made absolute.

The northbound and southbound traffic lanes of the proposed highway MHTC seeks to construct are separated. MHTC wants to acquire land for the traffic lanes, as well as acreage between the lanes. MHTC is also condemning additional land outside the traffic lanes for a permanent "scenic easement."

The relators' motion to dismiss challenges MHTC's constitutional and statutory authority to take acreage in excess of that required to construct Route 465.[2] The motion to dismiss alleges that MHTC is attempting to use state funds to acquire land for uses other than highway purposes; that MHTC intends

---

1. The condemnation action is pending in the Circuit Court of Stone County, Missouri, case no. CV594–387CC. Its stated purpose is to acquire land for construction of a highway designated Route 465.

2. At some locations MHTC is condemning a strip of land ⅜ mile to ½ mile wide.

to use the land to develop hiking paths, bike trails and scenic easements.

Relators contend it is necessary that they take depositions to obtain evidence of the uses to which MHTC plans to put the land it is condemning. They claim the depositions are required in order to prepare for the evidentiary hearing on the motion to dismiss. Their attorney in the condemnation action filed an affidavit so stating. He incorporated newspaper articles that reported MHTC had plans to use the property other than for highway purposes.

■ Condemnation is the means by which agencies possessing the power of eminent domain exercise that authority. Procedures required to be followed in condemning property are set forth in Chapter 523, RSMo 1994, and Rule 86. They balance the right of government to appropriate private property for the use and benefit of the public against rights of property owners to be fairly and adequately compensated for property that is taken.

A two-step process is required:

First, the court must determine whether the condemnation is authorized by law— i.e.: is there jurisdiction over the condemnation proceeding.... [H]as the condemning authority complied with the conditions precedent to bringing the action (*State ex rel. Weatherby Advertising Co., Inc. v. Conley*, 527 S.W.2d 334 (Mo. banc 1975))....

Secondly, the court must establish the landowner's damages from the taking. At that stage, commissioners are appointed to assess the landowner's damages and upon payment of the commissioners' award the condemning authority acquires the property and may proceed to utilize it as prayed in its petition for condemnation. Either party may request a jury trial to establish the landowner's damages....

*State ex rel. Mo. Highway & Transp. Comm'n v. Anderson*, 735 S.W.2d 350, 352 (Mo. banc 1987).

The part of the process under scrutiny in this action is the first step, the condemnation hearing. "The condemnation hearing is an evidentiary hearing in which the right or power of the condemnor to condemn the property in question is finally adjudicated. Consequently, the obligation of the condemnee to surrender the property upon payment of damages becomes binding. When the order of condemnation is entered, the substantive rights of the parties with respect to ownership of the property are determined." *Washington University Medical Center Redevelopment Corp. v. Komen*, 637 S.W.2d 51, 54 (Mo.App.1982). "The judgment of the court following this first hearing goes to the very propriety of the condemnation itself." *Id.*

■ If, after an initial hearing, a condemnation order is entered, it is interlocutory in character. "Even though a defendant may contest the right of the plaintiff to condemn, the judgment in such a case is not final or appealable until after the commissioners file their report and the exceptions thereto, if any, are tried and the amount of damages finally fixed." *State ex rel. State Highway Comm'n v. Hammel*, 290 S.W.2d 113, 117 (Mo.1956). If a condemnation petition is dismissed after the initial hearing, the order is appealable. *City of Cape Girardeau v. Robertson*, 615 S.W.2d 526, 529–30 (Mo.App.1981); *Union Elec. Co. v. Slay Bulk Terminals*, 475 S.W.2d 136, 137 (Mo.App. 1971).

■ At the initial hearing in condemnation actions, trial courts may inquire into questions relating to the necessity of the taking only upon a landowner alleging and proving that the condemnor's claim of necessity for the taking constitutes fraud, bad faith or an arbitrary and unwarranted abuse of discretion. *Missouri Public Service Co. v. H & W Inv. Co., Inc.*, 602 S.W.2d 41, 43 (Mo.App. 1980); *Mapco, Inc. v. Williams*, 581 S.W.2d 402, 405 (Mo.App.1979).

Relators made these allegations in the motion to dismiss they filed in the condemnation case. They have the burden of proving the affirmative defenses pleaded. *See Missouri Public Service Co. v. H & W Investment Co., Inc., supra; Mapco, Inc. v. Williams, supra.*

The relationship of Rule 86, the civil rule dealing with condemnation, and other civil rules relating to pretrial discovery has been

addressed in various contexts; however, this court finds no Missouri case in which that relationship has been reviewed in circumstances similar to those in this case.

*Conduit Industrial Redevelopment Corp. v. Luebke,* 397 S.W.2d 671 (Mo.1965), held that defendants in a condemnation action could not maintain a crossclaim against other defendants in that action. The court concluded that condemnation proceedings are *sui generis;* that civil rules other than those adopted specifically for condemnation actions were, generally, not applicable. In ruling on the facts of that case, the court did not foreclose appropriate use of procedural rules under other circumstances. It noted that although all civil procedure had not been grafted onto condemnation proceedings with respect to issues unrelated to the subject of a particular condemnation action, condemnation actions might spawn issues which would require application of other civil rules "to fill gaps and expedite proceedings." *Id.* at 674.

*State ex rel. Mo. Highway & Transp. Comm'n v. Anderson, supra,* refused to allow defendants in a condemnation action to depose the condemnor's experts concerning precondemnation appraisals. The information sought was intended to be used in support of a motion to dismiss the condemnation petition. The defendants sought the information with which to contest the trial court's jurisdiction to proceed based on a contention that the condemnor had not complied with condemnation prerequisites established by *State ex rel. Weatherby Advertising v. Conley,* 527 S.W.2d 334 (Mo. banc 1975).

The court limited its prior holding in *Weatherby.* It held, for purposes of the initial hearing, that a defendant in a condemnation action was not entitled to depose a condemnor's experts with respect to questions of valuation; that the landowner had sufficient opportunity to address questions related to valuation in the second phase of the condemnation action.

■ In ascertaining whether discovery is permitted (or required) at the initial stage of the underlying condemnation proceeding, the purpose of discovery must be considered and its applicability to the circumstances of the present case evaluated. Ancillary to that analysis is the question of whether the issue presented in this proceeding may be addressed by means of a peremptory writ.

*State ex rel. Houser v. Goodman,* 406 S.W.2d 121 (Mo.App.1966), holds that peremptory writs may be an appropriate means of review in discovery cases if there are no other wholly adequate means of redress. *Id.* at 124. If there are other wholly adequate means of redress, the proposed interim order relators seek to prohibit must be confined for review on appeal from a final judgment in the condemnation case. *Id.*

The issue in the condemnation action that is the subject of this proceeding is directed solely to the condemnor's authority to condemn; whether the use to which the land being condemned will be put is consistent with the condemning authority's power of eminent domain.

Unlike in *Anderson,* where the issue presented went ultimately to property value, the subject addressed in the second phase of condemnation proceedings, the issue that is the subject of relators' motion to dismiss is the subject for adjudication in the initial phase. If relators, the landowners in the condemnation action, cannot secure sufficient evidence to fairly present the controversy to the trial court, they cannot develop a full and meaningful record upon which that court can determine the motion to dismiss and upon which an appellate court can review the trial court's action in the event of an appeal. Absent review by means of peremptory writ, relators have no wholly adequate means of redress with respect to respondent's threat to quash their notice to take depositions. Prohibition is the proper remedy.

■ Rules relating to discovery are designed to eliminate, to the extent possible, concealment and surprise in trials of lawsuits and to provide parties access to anything "relevant" to the subject matter of the cases not otherwise privileged. *State ex rel. Plank v. Koehr,* 831 S.W.2d 926, 927 (Mo. banc 1992). They are designed and interpreted to aid the court and litigants in determining facts that are in issue prior to trial. *Bethell v. Porter,* 595 S.W.2d 369, 377 (Mo.App.1980). They are designed to preserve evidence, not

conceal it. *VBM Corp. v. Marvel Enterprises,* 842 S.W.2d 176, 180 (Mo.App.1992).

The issue of MHTC's authority to condemn is the subject of the initial hearing in the pending condemnation action. Relators' motion to dismiss is part of that proceeding. Relators have no other forum in which they may address the issues they have raised. They are entitled to have access to relevant information prior to trial of the issues presented by the motion to dismiss. Absent reasonable discovery, they may well be denied access to that information.

■ This court holds, under the facts of this case, that relators are entitled to reasonable discovery, prior to the hearing on the motion to dismiss, directed solely to the issue of the condemning authority's right to condemn the property it seeks. To refuse to allow any depositions with respect to the subject of the pending motion to dismiss is an abuse of discretion. Under these circumstances, discovery is necessary in order to allow relators an opportunity to litigate the issues raised by their motion to dismiss. The respondent judge may impose reasonable restraints as to the scope of that discovery, both as to who may be deposed and the subjects that may be addressed.

The Preliminary Order in Prohibition is made absolute. Respondent is prohibited from quashing the "Amended Notice To Take Depositions" filed by relators in the case of *State ex rel. Missouri Highway & Transportation Commission v. Betty Rantz, et al.,* pending in the Circuit Court of Stone County, Missouri, as case no. CV594–387CC.

PREWITT and CROW, JJ., concur.

GARRISON, P.J., recused.