STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Relator,

v.

Honorable Julian BUSH, Division 8 of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 69155.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Dec. 12, 1995.

Kim R. Reid, Sr. Asst. Counsel, Philip E. Morgan, District Counsel, Rich Tiemeyer, Chief Counsel, Mo. Highway & Trans. Comm., Chesterfield, for relator.

Paul R. Ferber, Brasher Law Firm, St. Louis, Charles M. Deeba, St. Louis, for respondent.

SMITH, Presiding Judge.

Relator, the Missouri State Highway and Transportation Commission, sought and received our preliminary writ of prohibition precluding the respondent judge from allowing landowners to take depositions of three engineers during the first step of the condemnation process. We now make the writ permanent.

The Commission filed its petition for condemnation of land in the city of St. Louis to construct a road improvement. The petition was in standard form and alleged all of the necessary jurisdictional grounds for condemning the requisite land. Defendant landowners' answer contained what was identified as an affirmative defense and which alleged *in toto* "that the actions of Plaintiff with respect to design and placement of proposed road and/or highway improvements are arbitrary and capricious and in violation of the law."

The condemnation was set for hearing and then continued several times for various reasons. A week before the most recent setting the landowners filed their notice of deposition identifying three witnesses, all engineers, to be deposed. The Commission filed its motion to quash the deposition and for protective order. Following a hearing, the respondent issued an order which granted in part and denied in part the Commission's motion. It allowed the landowners to depose the witnesses "in so far as the depositions are directed at the issue of whether or not the Plaintiff's actions are arbitrary and capricious as alleged in their answer."

In Missouri the statutes (Chapter 523 RSMo 1994) and the rule (Rule 86) governing condemnation provide for a two-step process.

First, the court must determine whether the condemnation is authorized by law— *i.e.:* is there jurisdiction over the condemnation proceeding.... [H]as the condemning authority complied with the conditions precedent to bringing the action.... (Citation omitted)

Secondly, the court must establish the landowner's damages from the taking. At that stage, commissioners are appointed to assess the landowner's damages and upon payment of the commissioners' award the condemning authority acquires the property and may proceed to utilize it as prayed in its petition for condemnation. Either party may request a jury trial to establish the landowner's damages and only after that trial has concluded is the case appealable.

*State ex rel. Missouri Highway and Transportation Commission v. Anderson,* 735 S.W.2d 350 (Mo. banc 1987) l.c.352 (quoting from *State ex rel. Devanssay v. McGuire,* 622 S.W.2d 323 (Mo.App.1981) [1] ).

■ The two-step process has an extremely important function. It guarantees to the public early commencement of the project while preserving to the individual landowners the right later to extensively and thoroughly litigate all issues relating to damage from the taking. *State ex rel. Commission v. Anderson, supra* at [1]. Such a procedure prevents a single objecting landowner from delaying the commencement of the project for months or years by interrogatories, depositions, discovery or dilatory practices. *Id.* The two-step process does not contemplate extensive litigation at the first stage which is prior to the order of condemnation. *Id. This is not to minimize the importance of the initial hearing involved here.* The hearing is much more than a preliminary hearing on a pretrial motion. It is an evidentiary hearing in which the right or power of the condemner to condemn the property in question is finally adjudicated. *Id.* In *Anderson* the Court ordered subpoenas to witnesses for depositions prior to the initial hearing quashed. In making its ruling, the Court found that the discovery sought did not relate to the issues to be resolved at the initial hearing.

In *State ex rel. Rantz v. Sweeney,* 901 S.W.2d 289 (Mo.App.1995) the Southern District of this court held that *Anderson* did not preclude any discovery at the initial hearing phase of a condemnation proceeding. There the landowners filed a motion to dismiss the petition for condemnation on the basis that the Commission was attempting to exercise its power beyond its Constitutional and statutory authority. The landowners set forth allegations that the Commission was attempting to condemn portions of the land for purposes other that highway purposes such as hiking paths, bike trails, and scenic easements. Newspapers article were attached to

the motion, which reported that the Commission had plans to use portions of the land for such purposes. Under that limited fact scenario the court determined that the landowners were entitled to conduct limited discovery directed solely to the issue of the condemning authority's right to condemn the property it sought.

In *Rantz* at [4], the court stated that at the initial hearing in condemnation actions, trial courts may inquire into questions relating to the necessity of the taking only upon a landowner alleging and proving that the condemnor's claim of necessity for the taking constitutes fraud, bad faith or an arbitrary and unwarranted abuse of discretion. In ascertaining whether discovery is permitted at the initial stage of the condemnation proceeding, the purpose of discovery must be considered and its applicability to the circumstances of the case evaluated. *Id.* at [5,6].

■ The answer of the landowners here does not challenge the power or authority of the Commission to condemn the property nor the presence of the requisite jurisdictional preliminaries to condemnation. To the extent the challenge made can be gleaned from the alleged affirmative defense, it is to the *necessity* of the condemnation.[1]

■ The affirmative defense alleges no facts; the allegations are totally conclusory. Rule 86 does not address what is required in an answer raising affirmative defenses in a condemnation case. In condemnation proceedings, rules other than Rule 86 may be applicable where necessary to fill gaps and expedite proceedings. *State ex rel. Washington University Medical Center Redevelopment Corp. v. Gaertner,* 626 S.W.2d 373 (Mo. banc 1982) [4]. Rule 55.08 requires that a pleading setting forth an affirmative defense or avoidance contain a short and plain statement of the *facts* showing that the

pleader is entitled to the defense or avoidance. We believe that requirement to be particularly important in a condemnation case given the previously described purposes of the two-step process. On the basis of the allegations in the answer, the request for discovery is nothing but a fishing expedition to see if some possible attack on the necessity of the condemnation can be found. Nothing in the answer, nor for that matter in the briefs before this court, identify in what way the Commission has acted arbitrarily, capriciously or in violation of the law. In that respect the case before us is completely different from the case before the court in *Rantz* and that case provides no basis for the order of the respondent here.[2] The respondent went beyond his power in allowing the depositions.

Preliminary writ prohibiting respondent from allowing landowners to take depositions of engineers made permanent.

RUSSELL, J., and CRANE, C.J., concur.

---

1. It is equally possible to read the affirmative defense as a challenge to the design and placement of the highway improvements. The design and placement of highway projects is solidly within the discretion of the Commission. As stated in *State ex rel. Missouri Highway and Transportation Commission v. Perigo,* 886 S.W.2d 149 (Mo.App.1994) [5] (quoting from *State ex rel. State Highway Commission v. Curtis,* 222 S.W.2d 64 (Mo. banc 1949) [1,2]):

The power to locate a state highway, to determine its width, type of construction and *the extent of land necessary for economical ... construction are vested in the sound discretion of the State Highway Commission,* uncontrolled by the courts except to compel strict compliance with the statutes and to prevent the taking of private property for a private or non-public use. (Emphasis in Perigo).

2. It also differs in that the attack in *Rantz* was to the power of the Commission to condemn the land whereas here the challenge at best is to the necessity.